# SEPTEMBER TERM, 1907

CASE 48.—ACTION BY STACEY HAMBY AND OTHERS AGAINST THE CITY OF DAWSON SPRINGS AND OTHERS.—September 10.

## Hamby v. City of Dawson Springs

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

From an order refusing to dissolve an injunction, defendants appeal to a judge of the Court of Appeals to modify or dissolve it.—Motion overruled.

Mines and Minerals—Mineral Waters—Subterranean Flow—Diversion—Injunction—Adequacy of Legal Remedy.—An owner of land who opened a street and acquiesced in the act of the Legislature establishing a town owns the soil of the street subject to the public easement to use the street for municipal purposes, and he may enjoin the town from putting down a well in the street to strike the vein of mineral water supplying a well on his land, not for the purpose of obtaining water merely, but to supply the mineral water free to all, the attempt of the town, being an attempt to take the owner's property for public use, without compensation, and a judgment for damages affording inadequate relief.

WILLIAM H. YOST for plaintiff.

JONSON & JENNINGS for defendant.

(No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON.—In Chambers.

The plaintiffs own a lot in the city of Dawson Springs, in which there is a valuable well known as the "Hamby well," from the water of which are manufactured the Dawson salts.. The water from the well is also used by the guests at the Hamby Hotel, and has acquired considerable reputation for its curative properties. The plaintiffs enjoy a valuable royalty from the well by reason of its being used for the making of Dawson salts and by persons drinking the water for their health. The plaintiffs' lot fronts on Main street. Their well is near the street. The defendants are about to put down a well in the street within 1½ feet of the edge of the pavement on the west side, 21 feet east of the well, and just opposite it. They have put down a number of wells in the street, but, failing to strike the vein of water that supplies plaintiffs' well, they began to put down the well opposite it, when this suit was filed enjoining them from putting down the well. The circuit court refused to dissolve the injunction, and this application is now made to me as judge of the court of appeals to modify or dissolve the injunction.

Hamby did not convey to the town the fee in the street. He simply opened the street and the legislature established the town. He acquiesced in the act of the legislature. The town thus took the street, but it took nothing but the street, with such rights as were fairly included in the grant of a street. The defendants first put down a well about 98 feet from Hamby's well. Then they put down another 59 feet from it. Then another 36 feet from it. They then began the

well in controversy. In all the wells they put down they struck water. Before these wells were dug, there were a number of other wells furnishing all the water for ordinary purposes that the town required. The facts therefore show that the defendants were not seeking to obtain water merely, but to obtain Hamby's water. In other words, Hamby's well, which is valued at something like $50,000, was attempted to be made valueless to him by the opening of a well 21 feet from it, which would be free to all and supply the same water. The grant by Hamby of the street to the town carried with it no such right. In 27 Am. & Eng. Encyc. of Law, p. 148, the rule is thus stated: "As a general rule the public has only an easement in the streets, the fee remaining in the landowner, subject merely to the right of the public to the use of the street for street purposes." In Elliott on Roads and Streets, section 17, it is said: "The right of the public in a street is by no means confined to the surface of the way, and this all who set apart land for a street are conclusively presumed to know. 'Street' means more than the surface. It means the whole surface, and so much of the depth as is, or can be used, not unfairly, for the ordinary purpose of a street. It comprises a depth which authorizes the urban authority to do that which is done in every street, namely, to raise the street, and lay down sewers, for at the present day there can be no street in a town without sewers, and, also, for the purpose of laying down gas or water pipes. 'Street' therefore includes the surface and so much of the depth as may not unfairly be used as streets are used."

The conveyance of lots bounded by a street passes the title to the center of the street. Jacob v. Wool-

folk, 90 Ky. 426, 12 Ky. Law Rep. 400, 14 S. W. 415, 9 L. R. A. 551. The owner of a lot abutting the street is presumed to own the soil to the center of the street subject to the public easement to use the street for municipal purposes as authorized by law. Edminson v. Lowry, 17 L. R. A. 275, 3 S. D. 77 52 N. W. 583, 44 Am. St. Rep. 774. While a town may put down a well in its streets to obtain necessary water for public purposes, it has no right to hunt in the streets for a vein of mineral water, the private property of the abutting landowner, so as to take this private property for public use without compensation to him. The facts show beyond doubt that the defendants were trying to find Hamby's water. If their well in controversy was not a success in this respect, it would have been valueless to them. If it had been a success in this respect, the court would not have allowed them to use it to the prejudice of Hamby. The right to minerals under the surface did not pass to the town by the grant of the street, although it had the right to obtain water for ordinary purposes. A grant of a street, like any other grant, must be construed to carry with it only such things as were reasonably within the contemplation of the parties at the time. It was not within the presumed intention of the parties at the time the street was established that the town might put down wells to make free to the public valuable mineral rights under the surface; and, although the growth of the town might be accelerated by this, it is none the less an invasion of private right. There are some well-defined exceptions to the rule that motive is immaterial where the act is not unlawful. One of these exceptions is in the case of oil, gas, or mineral water under the ground. Where they come from, whither they go, by what laws they are gov-

erned, are things little understood. In dealing with these each owner must so use his own as not unnecessarily to injure his neighbor. Each owner may take what he needs, but he may not impoverish his neighbor, nor waste the common supply. Louisville Gas Co. v. Louisville Heating Co.. 117 Ky. 71, 25 Ky. Law Rep. 1221, 77 S. W. 368, 11 Am. St. Rep. 225, 70 L. R. A. 558. Although the town may put down in the street enough wells to obtain the water necessary for ordinary public purposes, it cannot be allowed to put down other wells for another purpose when palpably there is no necessity for them. The town is not the owner of the fee. It has no property in the minerals beneath the surface, and has no right to interfere with them except so far as the exercise of its easement may authorize.

This is not a case therefore of "damnum absque injuria," nor is there any adequate remedy at law. It is an attempt to take plaintiffs' property for public use without compensation, and they are entitled to protection by law in the enjoyment of their own. A judgment for damages might be a very inadequate remedy for the injury done. There is such a probability of injury to the plaintiffs as to justify an injunction. If the well should not strike Hamby's vein of water, it would be valueless, and the injunction would do defendants no harm. If it should strike Hamby's vein, it would do Hamby great injury. The number of wells now in existence and their condition conclusively show that defendants have all the water they want; and, their motive in putting down the well in question being apparent, the court will not shut its eyes to the facts. In Hawesville v. Hawes' Heirs, 6 Bush 232, the fee was vested in the town. The opinion rests on this ground, and is not therefore author-

ity here, as the fee was not conveyed by Hamby to the town.

The motion to dissolve the injunction is overruled.