CASE 48—ACTION BY KENTUCKY HEATING CO. AGAINST THE LOUISVILLE GAS CO. AND OTHERS TO ENJOIN THE DEFENDANT FROM WASTING THE NATURAL GAS IN MEADE COUNTY, KENTUCKY. —June 20.

# Louisville Gas Co. v. Ky. Heating Co.

Appeal from Meade Circuit Court.

W. S. CHELF, Circuit Judge.

Judgment for plaintiff. Defendants appeal--Reversed.

1. Appeal and Error—Review—Error Waived in Appellate Court. —Where the plea of the statute of limitations is abandoned on appeal, it will not be considered.

2. Judgment—Res Judicata—Splitting Causes of Action.—Though an action to enjoin the wasting of natural gas and a claim for damages for gas wasted might be joined, and a court of equity, after taking jurisdiction to grant the equitable relief, might retain jurisdiction to assess damages, they are separate and distinct causes of action, and a suit for injunctive relief alone will not bar a subsequent action for damages on the ground that it would be a splitting of the cause of action.

3. Same—Matters Concluded.—In an action for damages for wasting natural gas, defendants are not precluded from showing that they did not waste gas by a judgment against them in prior action to restrain the wasting of gas, in which, for the purpose of showing that they would thereafter waste gas, evidence was introduced that they had theretofore wasted it.

4. Damages—Pleading—General Allegations.—An allegation in a petition for damages for wasting natural gas which merely alleged general damages was a sufficient allegation of damages.

5. Same—Damages Recoverable Under General Allegation.—Under an allegation of general damages, recovery may be had only · for such as proximately and naturally flow from the wrongs complained of, and not for any special damages.

6. Mines and Minerals—Natural Gas—Ownership.—There is no property in natural gas until taken; before taken it is fugitive in its nature, and belongs in common to the surface owners.

7. Same.—The right of surface owners to take natural gas is subject only to the limitation that it must be for a lawful purpose and in a reasonable manner

8. Damages—Measure of Damages.—The measure of damages for injury to the right to take natural gas is the difference at the point where taken between the value of the natural flow and that of the diminished flow directly attributable to the wrong.

9. Same—Punitive Damages.—Punitive damages, as well as compensatory, may be had for an injury to the right to take natural gas, where malicious and with design to injure one in his business.

10. Trial—Opening Statement—Statutory Provisions.—Under Civ. Code Prac. section 317, providing that plaintiff must briefly state his claim and the evidence whereby he seeks to sustain it, and that defendant must then briefly state his defense and the evidence whereby he expects to sustain it, no argument or statement of evidence which could not possibly bear on the issue should be permitted in an opening statement, and for the expedition of business, as well as to insure a fair trial, the court should confine the parties to a substantial compliance with that section.

11. Same—Argument of Counsel.—Though it is never the privilege of counsel to state in the argument, as a matter of fact, anything which is not in evidence, he may with perfect propriety discuss such facts as are in evidence, without limit or restriction, and so long as he confines himself to the evidence and its application to the law, as given by the court, his conduct is not open to criticism.

HUMPHREY, HINES & HUMPHREY, A. G. BARRETT, L. A. FAUREST and FAIRLEIGH, STRAUS & FAIRLEIGH for appellants.

Louisville Gas Co., &c. v. Kentucky Heating Co.

MATT O'DOHERTY, O'MEARA & JAMES and McQUOWN & BROWN for appellee.

(No briefs—record out of office.)

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In December, 1901, the Kentucky Heating Company brought suit in the Meade circuit court against the Louisville Gas Company and others, seeking to enjoin them from wasting the natural gas in that field. This suit proceeded to a judgment, in which the injunction was granted, and, upon appeal to this court it was affirmed in 117 Ky. 71, 77 S. W. 368, 70 L. R. A. 558, 111 Am. St. Rep. 225. After this judgment the Kentucky Heating Company, in January, 1904, filed the present suit against the same defendants, in which it sought to recover damages for the alleged wasting of gas in the Meade county field. This suit was prosecuted to a judgment in favor of plaintiff for $60,000. From that judgment this appeal is prosecuted.

The parties, plaintiff and defendants, in the suit for an injunction and in the suit from which this appeal is prosecuted, are the same. The Kentucky Heating Company in the present case pleaded the recovery of the judgment in the equity suit, which is affirmed in 117 Ky. 71, 77 S. W. 368, 70 L. R. A. 558, 111 Am. St. Rep. 225, as an adjudication of the fact, as between them, that the appellants during the time complained of had, in the operation of a certain lampblack factory, wasted a great quantity of gas, and thereupon laid its damages therefor at $250,000. The defendants, the Louisville Gas Company and others, answered, traversing the allegations of the petition, pleaded the statute of limitation, and also pleaded the judgment

in the equity suit as a bar to the maintenance of this action. The plea of the statute of limitation has been abandoned upon this appeal, and will therefore not be considered. The judgment in the suit in equity was pleaded and relied upon by the plaintiff as an adjudication between it and the defendants of the fact that the defendants had wrongfully wasted gas in the Meade county field, and the same judgment was pleaded by defendants in bar to the plaintiff's right to maintain the action. The trial court sustained a demurrer to the defendants' plea of the judgment in bar, and held that the judgment in the equity suit was an estoppel against the defendants from proving that they had not wrongfully wasted the gas, and the only issue to be tried was the ascertainment of the damages sustained by the appellee, the Kentucky Heating Company, by the reason of the wrongful wasting of gas by apellants. The weight of the argument on both sides is devoted to the respective contentions of the parties as to the force and effect of the judgment in the suit in equity upon the rights of the parties in the present action.

Upon this contention we have had little difficulty, and it is unnecessary to consider at length the numerous cases cited. It is contended by appellants that the appellee, in its suit in equity to enjoin the appellants from wasting the gas, could have joined with that action their claim for damages, presented in this action; that a court of equity had jurisdiction to grant complete relief, by way of assessing damages, in addition to the relief of injunction, and, this being true, appellee had its day in court. and, having elected to sue for only the injunction, it is now estopped from maintaining another action against the same parties for damages. In other words, it is claimed that

the cause of action for injunctive relief and for damages was one entire cause, and, having taken only partial relief, the present action is a splitting of the cause. Some decisions of courts of other states are cited in support of this contention, but such a rule does not apply under the laws of this state. The claims do not constitute a single cause of action. It is true they might have been joined, and a court of equity might, after taking jurisdiction to grant the equitable relief, have retained jurisdiction of the case to assess the damages, but it does not follow that both claims constitute a single cause of action, or that plaintiff was compelled to present both in the same petition. While they might be joinable, they are, nevertheless, separate and distinct causes of action; the one calls for the protection of a right, the other indemnity or compensation for wrongs done. While under the Code, there is one form of action, they are by title divided into two classes, ordinary and equitable, and had a claim for damages been made in the equitable action, it would have required a separate and distinct trial, had either party demanded it, and an issue out of chancery to a jury, as a matter of right. This being true, the trial court properly sustained, a demurrer to appellants' plea of the judgment in bar of the action.

It is further contended by appellants that, if the judgment in a equity suit was not a bar to the action, then it had no probity of relation to any matter at issue in the present action. With this contention we cannot agree. While the parties to the two actions are the same, the subject-matter being different, the judgment is not a bar, but, the parties being the same, it is conclusive proof of any fact at issue and adjudged on the merits. The main issue in the suit in equity

was whether or not appellants would wrongfully waste
the gas in the Meade county field, and, in order to
show that they would do so, appellee introduced proof
to the effect that they had theretofore wasted it, and
upon this proof the chancellor based his finding, upon
which the injunction was issued. The fact that they
had wasted the gas was in issue only for the purpose
of showing that they would thereafter waste it, but
appellants are not precluded, in this suit, by the judg-
ment in the equity suit, from showing that they did
not waste it. They have made an issue upon this point
with appellee, and the law casts upon appellee the
burden of making out its case, and they must do this
by evidence other than the finding and judgment of
the chancellor in the equity suit. The equity judg-
ment is not in itself the evidence of any wrongful, will-
ful, or malicious act on the part of appellants or any
of them in the use which they made of the gas, but is
merely the result of the impression which the evi-
dence offered in the equity suit made upon the mind
of the chancellor. Upon this same evidence a trial
jury might or might not find, as a matter of fact, that
the gas in that field was wasted by appellants. At all
events appellants were entitled to have the evidence,
upon which appellee sought to hold them responsible
in damages, submitted to the trial jury for their
determination.

Had the matter now in dispute been tried at the
same time that the equity suit was tried, appellants, as
above indicated, would, as a matter of right, have been
entitled to have submitted to a jury the question of
fact which is now involved in this case, and, if this
had been done at that time, it would hardly be con-
tended that the chancellor should have told the jury
what effect they should give the evidence. It would

not have been proper to have done so in that suit, and he erred in permitting it in effect to be done on the trial of the case at bar by reading the opinion to the jury. He likewise erred in embodying the opinion in the equity suit, or any part of it in his instructions. Upon another trial appellee should be permitted to show, if it can, that appellants or any of them willfully, wantonly, or designedly wasted the gas for the purpose of injuring appellee in its business; in other words, that they acted in bad faith. On the other hand, appellants should be permitted to show, if they can, that they acted in good faith in operating the lamp-black factory.

Appellants also complain that the petition is insufficient in its allegation of damages, and that for this reason, no damages being alleged, their demurrer should have been sustained. It is true the petition alleges only general damages, but this is sufficient. Under it, however, appellee was entitled to recover only such damages as proximately and naturally flowed from the wrongs complained of, and might not recover any special damages. The trial court erred in admitting any evidence of special damages. The error into which the trial court fell in defining appellee's measure of damages seems to have been brought about by a misconception of the rights of appellee. The gas which appellants were wasting was not the property of appellee, and therefore appellee could not recover for this gas as a conversion of his property. Appellants had the same right to take gas in the Meade county field that appellee had, as decided by this court in the cases of the Louisville Gas Company v. Kentucky Heating Company, 117 Ky. 71, 77 S. W. 368, 70 L. R. A. 558, 111 Am. St. Rep. 225, Commonwealth v. Trent, 117 Ky. 34, 77 S. W. 390, and

Hamby v. City of Dawson Springs, 104 S. W. 259, 31 Ky. Law Rep. 814, 12 L. R. A. (N. S.) 1164. The right of the surface owners to take gas from subjacent fields or reservoirs is a right in common There is no property in the gas until it is taken. Before it is taken it is fugitive in its nature, and belongs in common to the owners of the surface. The right of the owners to take it is without stint; the only limitation being that it must be taken for a lawful purpose and in a reasonable manner. Each tenant in common is restricted to a reasonable use of this right, and each is entitled to the natural flow of the gas from the subjacent fields, and any unlawful exercise of this right, by any tenant is common, which results in injury to the natural right of any other tenant or surface owner, is an actionable wrong. The damage sustained is only that which results from an improper interference with the natural flow of the gas in the wells and pipes of another. It is not the value of the gas at the point of distribution, or at any point where it enters artificial conduits, but the value in money for the diminution of the natural flow of the gas at the wells, directly and independently of all other causes attributable to the wrong complained of. In other words, the measure of damages is the difference in money, at the point where taken, between the value of the natural flow and that of the diminished flow, directly and independently of all other causes attributable to the wrong. Appellants had the right, as had every other surface owner, to take from the field, in its natural flow, gas without stint; and, had the same quantity or more been taken in rightful use, and the same damage ensued, or, even had the field been destroyed thereby, appellee would have no just cause of complaint. Its cause of complaint, therefore,

against appellants for damages is due to the diminished flow of the gas, directly attributable to the wrongful act of appellants, independent of any other cause. This is the measure of damages which the trial court should have submitted to the jury.

Appellants also complain because the jury were told that they might award punitive damages, or "smart money." It is insisted for them that, as there must have been a willful or wanton waste of the gas to entitle appellee to recover at all, if they are liable, they are liable for compensatory damages only. This objection is without merit, for, while it is true appellants are not liable in any event, unless it is shown that they willfully or wantonly wasted the gas, still, if in so doing they acted maliciously, and with a design of injuring appellee in its business, a case would be made out which authorize a recovery of punitive damage—instruction was authorized if there was any evidence to support it.

Appellants also complain of the conduct of counsel for appellee in his opening statement of the case, and in his closing argument. A statement of the case in advance of the trial is controlled by section 317 of the Civil Code of Practice. This section provides that, after the jury has been selected and sworn, "the plaintiff must briefly state his claim, and the evidence by which he seeks to sustain it. * * * The defendant must then briefly state his defense, and the evidence he expects to offer in support of it." No argument should be permitted in an opening statement; and, for the expedition of business, as well as to insure a fair trial to each of the litigants, the court should confine the parties to a substantial compliance with these code provisions. No statement of evidence which could not possibly bear upon the issue should

be permitted.   We do not intend to be understood as announcing that a departure from the rule, as stated in the Code, would be a reversible error, but as this code provision was adopted with a view of dispatching the business of the court in an intelligent and satisfactory manner, the trial judge should, as far as possible, see that it is substantially complied with. As to the strictures passed by counsel for appellants upon the closing argument of counsel for appellee, we must say that great latitude is necessarily allowed counsel in the presentation of his case, and while it is never his privilege to state in argument, as a matter of fact, anything which is not before the jury in evidence, he may, with perfect propriety, discuss such facts as are in evidence without limit or restriction, and so long as he confines himself to the evidence and its application to the law, as given by the court, his conduct is not open to criticism.   Much that is complained of in this case in the argument resulted, we think, from the errors of the trial court with reference to the substantive rights of the parties and the issues, as set out in this opinion, and is not likely to be the subject of further complaint.

For the reasons indicated the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.