## Louisville Gas Co., et al. v. Kentucky Heating Co.

(Decided February 14, 1911.)

### Appeal from Hardin Circuit Court.

1. Litigants—Fair Chance—Must Abide Decision.—There must be an end to litigation somewhere, and while every litigant is entitled to one fair opportunity in court to present his case, he is entitled to but one, and when he has had his one chance he is bound by and must abide the decision unless it is set aside or reversed.

2. Lamp Black Factory—Purpose—Wasting Gas—Statement of President of Gas. Co.—Motive.—Motive is not always easily proved. A statement on the part of the president of a gas company that the company would spend five or six hundred thousand dollars, if necessary to carry their point, though made two years after the acts complained of, throws some light upon the motive and purpose of operating a lampblack factory by the gas company for the purpose of wasting gas.

3. Gas Co.—Action Against—Wasting Gas—Damages—Verdict—Evidence—Competency.—Where a verdict of $70,000 in damages was rendered in an action against a gas company, charged with maliciously wasting the gas with a view of injuring the plaintiff in its

business, it was important that defendant should get as accurate an insight into the business as possible, and if they were attempting to use a witness for that purpose it was competent for plaintiff to establish that fact.

L. A. FAUREST, FAIRLEIGH, STRAUS & FAIRLEIGH and HUMPHREY & HUMPHREY for appellants.

MATT O'DOHERTY, McQUOWN & BROWN and O'MEARA & JAMES for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is the second appeal of this case. The opinion on the former appeal is in 132 Ky., 435. The case was reversed upon the former appeal because of errors in the admission of evidence and in the instructions. The judgment appealed from in that case was for $60,000. Upon the last trial a judgment for $75,000 was returned in favor of appellee, and the gas company and its associate defendants appeal.

Upon the last trial a controversy arose as to how far defendants were concluded by the judgment in the equity suit of the Louisville Gas Company v. Kentucky Heating Company, 117 Ky., 73, it being contended by plaintiff that the defendants were estopped from denying that they operated the lampblack factory because that question had been fully tried out in the equity suit and decided against them; while defendants insisted that they were not precluded by that judgment from showing that they or any of them had no part in its operation. The trial judge held that, because of the judgment in the equity suit, in which all of the defendants were parties defendants, they were estopped from denying that they operated the lampblack factory. This ruling was correct. There must be an end to litigation somewhere, and while every litigant is entitled to one fair and full opportunity in court to present his case, he is entitled to but one, and when he has had his one chance, he is bound and must abide the decision, unless it is set aside or reversed. All the parties to this suit were parties to the equity suit, same plaintiff and same defendants. The plaintiff charged that the defendants had operated a lampblack factory, were then operating it and would continue to do so, to plaintiff's detriment, unless restrained and prevented from doing so. The defendants joined issue with the plaintiff and sought to prevent the restraining order

from being issued. Upon proof heard, they were each and all enjoined from further operating the business. To permit them, or any of them, to now say that they had nothing to do with the operation of the lampblack factory would be, in effect, to nullify the judgment in the equity suit, so far as they are concerned. They had an opportunity to make such defense in that suit, and whether they availed themselves of this right or not, they are bound by the judgment rendered therein. This case must be retried, and upon another trial the court will not only adhere to his ruling upon this point and so instruct the jury, but will not allow any plea by any of the defendants to the effect that they had nothing to do with the operation of the lampblack factory.

The petition charges that the defendants operated the factory, and, as they may not deny this charge, there is no necessity for the introduction of the judgment in the equity suit in evidence, and, upon another trial, this equity judgment may not be introduced for any purpose.

The issue is a narrow and simple one: Did the defendants wantonly and maliciously use or waste the gas in operating the lampblack factory for the purpose of injuring appellee? If so, to what extent, if at all, did it injure it? No evidence should be introduced except such as will tend to establish or refute the points in dispute.

Appellees contend that the court erred in permitting the witness McDonald to testify to what several witnesses had stated in their depositions or upon the witness stand, upon the former trials. This was error, as to the testimony of all the witnesses not a party to this action, but not such an error which alone would authorize a reversal of the judgment, as all the parties were introduced upon the trial and testified, in effect, as McDonald said they did. On another trial, however, the court will not permit McDonald to state what other witnesses, than the defendants, stated in their depositions or while on the witness stand, unless they are asked when on the stand, if they did not make certain statements at a certain time and place, and, if they deny it, McDonald or any one may be permitted to show that they did, but the court should then instruct the jury that such testimony is to go only to the credit of the witness who denied making the statement. The statements of defendants, whether made by deposition or orally, may be introduced by appellee as

substantive testimony. The testimony of McDonald as to what the witness John Stites said to him relative to what the future policy of the gas company toward the Kentucky Heating Company would be, is also objected to as incompetent. The theory of the plaintiff is that, in operating the lampblack factory, the defendants were actuated by bad motives and really wanted to destroy plaintiff's business under the guise of operating the factory. Motive is not always easily proved. Frequently disconnected facts and circumstances must be gathered and put together in order to show malice or bad motive. A statement on the part of the then acting president of the gas company that they were in the fight to win and would spend five or six hundred thousand dollars if necessary to carry their point, though made two years after the acts complained of, throws some light upon the motive and purpose in operating the lampblack factory in the way in which they did. It requires no stretch of the imagination to see that a company, willing to spend five or six hundred thousand dollars to gain an advantage over its competitor, would operate a lampblack factory to waste gas for the same purpose. In this light, the testimony was competent; but, of course, only as to the gas company, and when admitted, the jury should have been told that such statements, made by the president of the company, were evidence against the gas company only, and the individual defendants were in no wise to be bound by them, unless it be shown that other defendants consented to it or aided in the matter.

The objection of appellants to the evidence of Rev. A. D. Litchfield, as found in his deposition, is not well taken. Defendants are charged with maliciously wasting the gas with a view of injuring the plaintiff in its business. The evidence of this witness tends to show that the gas company was wanting to use him to find out the extent of plaintiff's holdings and business in the gas field. If they were, this is a circumstance tending to establish a link in the chain which would connect defendants with the charge of seeking to destroy plaintiff's business. If such purpose existed, it was important that defendants should get as accurate an insight into the business of plaintiff as possible, and if they were attempting to use Litchfield for that purpose, it is certainly competent for plaintiff to establish this fact. That his testimony relates to a date a year or more antedating

the organization of the Calor Oil & Gas Co., does not make his testimony incompetent, for if such a purpose was entertained by the gas company, it had to be formed and plans mapped out before anything was done. Hence, the evidence was competent, and it was the province of the jury to determine its weight, when considered in connection with the evidence of the witness Trent, with whom he testified he had talked.

The charters and other records of the company introduced as evidence by appellee and which were objected to by appellant, may be admitted upon the same theory as the evidence of McDonald and Litchfield which was objected to.

The only remaining question is the amount of the verdict. It is not shown by the verdict what part of it is for compensation and what part punitive damages. It is large and the court is of the opinion that the amount is such as to show passion or prejudice on the part of the jury, and will, therefore, not be permitted to stand.

For this reason, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.

Whole court sitting.