## Hampton v. Cope.

(Decided October 10, 1911.)

### Appeal from Breathitt Circuit Court.

Actions—Equitable Relief—Subsequent Action for Damages—Claims Not Single Cause of Action.—Claims for injunctive relief and for damages do not constitute a single cause of action. While a court of equity, after taking jurisdiction to grant equitable relief, might have retained jurisdiction to assess damages, it does not follow that both claims constitute a single cause of action, or that the plaintiff was compelled to present both in the same petition.

J. J. C. BACH, GRANNIS BACH, KASH & KASH for appellant.

COPE & COPE, JOHN E. PATRICK for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

On May 28, 1903, appellee, Cope, sold the timber on her land in Breathitt County to J. H. Winterbotham & Son, and gave them five years in which to remove it. They removed a part of the timber and sold the balance they were entitled to to appellant, who, as she alleges, had it cut and made into railroad ties a month or two before the contract expired, to-wit, May 28, 1908, and in-

tended to put sufficient teams to work to haul the ties out before the contract expired, but was prevented from doing so by unusual rain falls between the last of March, 1908, and May 28, 1908, which made the road over which she was compelled to haul the ties, impassable and thus rendered it impossible for her to remove the ties within the time specified in the contract, which she alleges she would have done had it not been for the impassable condition of the roads. There being some ties left upon the land after the expiration of the contract, appellant attempted to have them hauled off, but appellee prevented her from doing so. Appellant then filed a petition in equity alleging that appellee was threatening and intimidating her employes and preventing them from hauling the ties; that she had placed gates across the roads and locked them; that she had cut trees across the roads and placed other obstructions therein and asked for a restraining order to prevent appellee from interfering with her and her employes in removing the ties. This order was made and no motion was ever made by appellee to have it dissolved, but upon a trial of the case on May 31, 1910, the court entered an order vacating it, as it deemed the time which had elapsed between the date the order was issued and the date of the trial, which was more than twelve months, more than sufficient time within which to remove the ties.

Appellant brought the action at bar against appellee for damages alleging that appellee and her employes and persons acting under her control and directions, placed and locked gates across the only road over which she could haul the ties; that they cut trees across the road and placed other obstructions therein to prevent her employes from hauling the ties; that they threatened to kill her employes and teams; that by reason of this conduct on the part of appellee she was prevented from hauling a great many of her ties which rotted in the woods and became of no value. Appellee answered denying the specific allegations of the petition, and pleaded the judgment in the equity action as a bar to this action, to which appellant replied denying that it constituted a bar to her right of recovery. Appellee filed a demurrer to this reply, which the court sustained, thus holding that appellant could not maintain this action for damages occasioned by the trespass referred to, as she could have obtained the relief sought in the action in equity between

the same parties. This is the only question argued by counsel and the only one involved upon this appeal. We are of the opinion, however, that it is proper to state that appellant is not entitled to recover as damages the value of the ties left upon the land where they were cut, for she had ample time to remove them while the restraining order granted in the equity case, was in force. But, if as alleged, appellant or her employes were annoyed and delayed in removing the ties, by appellee, she is entitled to recover for her loss and injury sustained thereby. Appellee's counsel admit this, but claim appellant is estopped from recovering in this action as such damages could have been alleged and recovered in the equity action. It is true the claim could have been set up in the equity suit, yet, they would have been separate and distinct causes of actions, one for equitable relief, to-wit, a restraining· order, and the other for damages for trespass, which, upon the motion of either party, could have been transferred to the common law docket for trial by a jury. The question involved in this case was settled in the case of Louisville Gas Co. v. Kentucky Heating Co., 132 Ky., 435; 111 S. W., 374. The Heating Company claimed that the Gas Company was trespassing upon its rights and injuring it, and it obtained an injunction against it but made no claim for damages. After the equitable action was tried, however, and the Heating Company obtained the equitable relief sought, it brought another action in which it claimed a great sum in damages for the wrong committed upon it by the Gas Company, and the Gas Company, as did appellee in the case at bar, answered by claiming that the judgment in the equity action barred the action for damages. This court said:

"In other words, it is claimed that the cause of action for injunctive relief and for damages was one entire cause, and, having taken only partial relief, the present action is a splitting of the cause. Some decisions of courts of other States are cited in support of this contention, but such a rule does not apply under the laws of this State. The claims do not constitute a single cause of action. It is true they might have been joined, and a court of equity might, after taking jurisdiction to grant the equitable relief, have retained jurisdiction of the case to assess the damages, but it does not follow that both claims constitute a single cause of action, or that

plaintiff was compelled to present both in the same petition. While they might be joinable, they are, nevertheless, separate and distinct causes of action; the one calls for the protection of a right, the other indemnity or compensation for wrongs done. While under the Code, there is one form of action, they are by title divided into two classes, ordinary and equitable, and had a claim for damages been made in the equitable action, it would have required a separate and distinct trial, had either party demanded it, and an issue out of chancery to a jury, as a matter of right. This being true, the trial court properly sustained a demurrer to appellants' plea of the judgment in bar of the action.''

This citation conclusively settles the question involved on this appeal.

The judgment is reversed and remanded for further proceedings consistent herewith.