## Board v. Dorris.

### (Decided February 1, 1916.)

## Appeal from Muhlenberg Circuit Court.

1. Trial—Equity—Submission of Issues to Jury.—Although one of the parties in an equity suit is entitled to a trial of the issues out of chancery, a motion for a jury after the case has been submitted comes too late.

2. Depositions—After Submission.—A party cannot take depositions after a case has been submitted unless the order of submission has been set aside and leave granted to take other proof.

T. O. JONES for appellant.

TAYLOR, EAVES & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant as plaintiff below brought this suit in equity against the appellee, defendant below, averring in his petition that he was the owner of a described tract of land upon which the defendant had unlawfully and forcibly entered. He prayed for an injunction restraining the defendant from committing any further acts of trespass upon this land, and for judgment against him in damages.

The answer was merely a traverse of the petition.

After the evidence had been taken, the case was submitted, followed by a judgment dismissing the petition, and the plaintiff appeals.

The land of the defendant adjoins on the west the land of the plaintiff, and the land in controversy is a small, narrow strip on the line between their land. The plaintiff traces his title back to the Jacob Fishback patent and survey, and contends that the strip of land in controversy is included in the lines of this Fishback survey as well as in the lines of the several deeds through which the title came into him or that he had title to it

by adverse possession. On the other hand, the defendant, although not asserting in his answer title to this strip of land in controversy, denies that it was within the lines covered by the title papers of plaintiff or adversely held by him a sufficient length of time to invest him with title.

The petition was filed on April 3, 1913, and the answer on April 23, 1913. Between this time and the September term of the court the plaintiff took a number of depositions. At the September term, by agreement of parties, W. C. Nourse was appointed to make a survey of the land in controversy, and the case was continued generally. In December, 1913, the defendant took his depositions. In April, 1914, on motion of the defendant, the case was submitted for hearing. After this, and on May 1, 1914, the plaintiff tendered and offered to file an amended petition, which, over the objection of the defendant, was permitted to be filed. On May 5th the defendant moved the court to strike the amended petition from the record, and on May 6th this motion was sustained and the amended petition stricken from the record, to which the plaintiff excepted. On May 8th the plaintiff moved the court to continue the case, but his motion was overruled and the case submitted, to which ruling he excepted.

On May 9th the plaintiff moved the court to grant him a trial out of chancery before a jury on the issues of fact, and on the same day the plaintiff moved the court to set aside the order of submission, and it appears that the case was submitted on this motion as well as on other motions. On August 24, 1914, the plaintiff filed in the clerk's office an amended petition which set out a little more in detail the cause of action, but did not change it or present any new issues. It also appears that in August, 1914, the plaintiff took some depositions in his behalf. At the January term, 1915, the judgment appealed from was entered.

One of the principal complaints of the plaintiff is the refusal of the trial court to submit to a jury issues out of chancery; and it is said in argument that this motion was made at an earlier date than is shown by the orders; but as we must be controlled by the orders made by the court, it appears that the motion to award an issue out of chancery was not made until after the case had been submitted. Passing the question as to whether under the circumstances of this case the plaintiff was

entitled to a jury trial of the issues of fact, we think his motion to have an issue out of chancery came too late to be available as error on appeal. ·

It will be observed that the suit was brought in equity, the purpose of it being to restrain the defendant from trespass and to recover damages for trespass committed, and the chancery court had jurisdiction of this cause of action and power to grant the relief prayed for.

In Lewis v. Helton, 144 Ky., 595; Chenault v. Eastern Kentucky Timber & Lumber Co., 119 Ky., 170, and many other cases, it has been held that although a party may be entitled to have issues out of chancery submitted to a jury; this request must be seasonably made, and if not so made the right will be considered waived. As said in the Chenault case: "A failure to make this demand in a reasonable time was an acquiescence in the actions being on the equity docket, and a waiver of the right to demand a jury trial."

In the case we have the plaintiff delayed making the motion until after the evidence had been taken by depositions and the case submitted for judgment.

Complaint is also made that the court committed error in striking from the record the amended petition filed on May 1, 1914. This ruling of the court, whether erroneous or not, did not really affect the rights of the plaintiff, because his whole case was stated in the original petition, the answer to which did not present any new issues, as it was merely a traverse. So that the issues in the case were made up by the original petition and the answer.

Some months after the case had been submitted but before a judgment was handed down, the plaintiff took several depositions, but it appears that these depositions were not taken by permission of the court and were taken after the case had been submitted, and we do not know of any practice that permits depositions to be taken after the submission of a case unless the order of submission is set aside and leave granted to take other proof.

As under the pleadings it was necessary to entitle the plaintiff to the relief prayed for, that he should show a record or possessory title in himself, the only real issue of fact in the case was, did the plaintiff show such title as would enable him to maintain an action for trespass? There is much conflict in the evidence upon this question.

The only surveyer who testifies in the case is Nourse, who appears to have been selected by agreement of the parties to make the survey, and according to his evidence the land in controversy was not covered by the title papers of the plaintiff.

It also appears from the evidence that this land in controversy was open or unenclosed land, lying outside of the line of the plaintiff's paper title; and although this land was claimed by the plaintiff, it was also claimed by other people; and it can hardly be said that he showed such a possessory title as would enable him to recover in an action for trespass.

On the question of fact, giving to the judgment of the chancellor the weight always accorded by this court to the judgments of the chancellor on questions of fact, we think his finding was supported by sufficient evidence to sustain it, and the judgment is therefore affirmed.