### Turner, et al. v. Deaton.

(Decided May 13, 1927.)

### Appeal from Breathitt Circuit Court.

1. Judgment.—In suit for trespass and injunction against trespass, a former judgment in an action between the same parties in which plaintiffs were determined to be without title to the land is conclusive as to the title then litigated, or which could have been presented and relied on.

2. Injunction.—In suit for defendant's alleged trespass upon plaintiff's land, praying for money judgment and injunction against future trespasses, title in plaintiff is essential to support the action.

3. Judgment.—Rules of "res judicata" mean that where a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no fact or question that was therein litigated or could have been litigated can thereafter be relitigated by the same parties or their privies.

4. Judgment.—A former judgment that neither plaintiffs nor defendant had title is available to defendant in bar of a subsequent suit

by the same plaintiffs for his trespass on the same land, where defendant does not seek affirmative relief.
5. Judgment.—Subsequent actions between the same parties for trespass to possession must be based upon subsequent trespasses.

O. H. POLLARD and ERVINE TURNER for appellants.

GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Breathitt circuit court by appellants and plaintiffs below, Ervine Turner, Sr., and Samuel Turner, Jr., against appellee and defendant below, Lewis Deaton, and in the petition as amended plaintiffs alleged that they owned the title to and were in possession of a described parcel of land in Breathitt county and that defendant had wrongfully entered upon it and taken therefrom timber to the value of $300.00, and had otherwise damaged plaintiffs to the amount of $100.00, and they prayed for a judgment against him for $400.00 and an injunction to prevent him from committing future trespasses upon plaintiffs' land as claimed by them.

The answer denied plaintiffs' title and in another paragraph averred that plaintiffs on July 22, 1917, filed a similar action against defendant and two of his employees in the same court, wherein the same claim of title was made by plaintiffs and which was denied by defendant's answer; that upon trial the circuit court upheld plaintiffs' title and adjudged defendant to have no title or right of possession against plaintiffs therein; that defendants appealed to this court and it reversed the judgment of the trial court in an opinion rendered in the case of Combs v. Turner, 193 Ky. 636, 237 S. W. 37, upon the ground that plaintiffs failed to show title in themselves either by record from the commonwealth or by adverse possession, and that it was further held in that opinion that the action was essentially one to quiet title as provided by section 11 of our Statutes, and that, since plaintiffs failed to show title in themselves, the judgment in their favor was erroneously rendered regardless of whether defendants had or did not have title, and the trial court was directed to dismiss the petition, which it did after filing of the mandate from this court, and the judgment of dismissal as so directed in that opinion was relied on as a bar to the instant case. The court upheld that

paragraph of the answer and dismissed the petition, from which plaintiffs prosecute this appeal.

Learned counsel for appellants in their brief seem to agree to the proposition that if the question of title was in issue in the first action wherein it was adjudged that plaintiffs had no title, it would be a bar to this and all subsequent actions between the same parties wherein the same question of title was involved; but they strenuously insist that the issue of title was not involved in the first action the judgment in which is relied on as a bar to this one. That insistence is made in the face of the fact that in the petition in the first action it was expressly averred that plaintiffs therein were "the owners and in the actual possession of the following boundary of land, to-wit," and in the prayer of that petition a part of the relief sought was thus stated: "That their title be quieted to said land as against defendants," etc. Moreover, this court in its former opinion in the case supra, in determining the nature of the action, said:

"The first question to be determined, as we have indicated, is whether this is a suit to quiet title, in which event the appellees must recover on the strength of their title; or whether it is merely a suit to enjoin a trespass, in which case it can be maintained by proof of their possession when the trespass was committed and the suit filed."

The court then proceeds to analyze the pleadings, and finally concludes by saying:

"From the conclusion just announced it follows that appellees, in order to obtain the relief which they sought, were required to prove title in themselves. Williams v. Brush Creek Coal Co., 149 Ky. 188 (148 S. W. 372); Board v. Dorris, 168 Ky. 195, 181 S. W. 1098."

A lengthy discussion of the evidence is then gone into and the conclusion reached that appellees therein (plaintiffs here) failed to exhibit or prove title, either of record from the commonwealth or by adverse possession, and for that reason the judgment was reversed, with directions to dismiss the petition.

Counsel now say that, notwithstanding the excerpts we have taken from the petition in the first case, they

never intended the first action to have any wider scope than to obtain relief for mere trespass to plaintiffs' possession and that they do not know why a prayer for the quieting of plaintiffs' title therein was made in the petition. They furthermore insist that this court in so construing the remedy misconceived its purpose, and for that reason it should now be considered by us as only an action to recover for trespass to the possession. Even if counsel were correct as to the error in the prayer of the petition in the first case for the quieting of plaintiffs' title, and were also correct as to the alleged misconception of this court in its opinion, the "law of the case" rule would compel us on this appeal to consider the judgment in the first action as an adjudication that plaintiffs therein (and the same herein) had no title to the contested land at the time that judgment was rendered. Independently, however, of the foregoing, we have examined and reread the record on the former appeal, and find that the chief battle therein was upon the issue as to whether plaintiffs in that action had title to the contested land either of record from the commonwealth, or by adverse possession, and the opinion on appeal, after reviewing the evidence, determined that issue against plaintiffs. The contention to the contrary now made by learned counsel is therefore without foundation and cannot be sustained.

The same relief is sought in this case except there was no prayer for quieting of title in plaintiffs, but they do allege that they are the owners of and entitled to the possession of the same contested land. They do not allege that they have acquired either of the necessary elements for the maintenance of the action since the rendition of the first judgment.

Mr. Freeman in the 1925 edition of his work on Judgments, vol. 2, section 874, says:

"The purpose of a suit to remove a cloud or a statutory action to quiet title is to determine adverse claims to real property. Such actions presuppose some title or interest in the plaintiff which he wishes to judicially establish as superior to some claim or title adverse thereto asserted by the defendant. To the extent that title is in issue and adjudicated the judgment or decree is conclusive in any subsequent

suit of every claim or ground which was or might
have been urged in support of or against it, though
the effect of the adjudication is confined to the par-
ticular land in suit.''

The preceding section (873) makes substantially the
same statement as to the effect of an action of ''trespass
to try title.'' He also says that:

''It (the action in which the title was involved)
bars any subsequent action of the same kind for the
same land against the defendant, unless based upon
after-acquired title.''

We have seen that plaintiffs in this action do not
allege any such after-acquired title. That title is in-
volved in this character of action has consistently and
without exception been held by this court will be seen
from the cases cited on pages 2797 and 2798, vol. 3, Cald-
well's Kentucky Judicial Dictionary, and on pages 2274
to and including 2277, volume 6, of the same work, one
of which is this case of Combs v. Turner, supra.

Our cases hold that in such actions title is not only
involved, but is an essential and necessary element to
support the action, and a determination of the title cre-
ates a judicial estoppel in a subsequent action between
the same parties, not only as to the title then actually
litigated, but to such as could have been presented and
relied on at the time of such adjudication, since it is un-
disputably true in this jurisdiction that:

''The rule of res judicata means this: That
where a question or a fact is once litigated and deter-
mined by the judgment of a court of competent juris-
diction, no fact or question that was therein litigated,
or could have been litigated, can thereafter be reliti-
gated by the same parties, or their privies. The rule
was recognized by this court in many cases. See
Talbott v. Todd, 5 Dana 190; Honaker v. Cecil, 84 Ky.
202 (1 S. W. 392, 8 Law Rep. 188); Hall v. Foreman,
82 Ky. 505; Davis v. McCorkle, 14 Bush, 753; Hard-
wicke v. Young, 110 Ky. 504 (62 S. W. 10, 22 Ky. Law
Rep. 1906); Elswick v. Matney, 132 Ky. 294 (116 S.
W. 718, 136 Am. St. Rep. 180); Louisville Gas Co.
v. Kentucky Heating Co., 142 Ky. 253: Green County
v. Lewis, 157 Ky. 495 (163 S. W. 489); Wood v.
Sharp's Adm'r, 159 Ky. 47 (166 S. W. 787); United

States Fidelity & Guaranty Co. v. Carter, 158 Ky. 737 (166 S. W. 238); Stone v. Winn, 165 Ky. 22, 176 S. W. 933.'' Caldwell's Judicial Kentucky Dictionary, vol. 3, pp. 2931 to and including 2937.

Later cases to the same effect will be found in volume 6 of the same publication, beginning on page 2404 and continuing to and including 2408. Whatever title, therefore, that was provable in favor of plaintiffs at the time of the rendition of the first judgment, they are now estopped to assert against their adversary in that judgment, whether they attempted to do so therein or not, and, since they in the instant action did not rely on a later or subsequently acquired title, the court properly held the former judgment a bar to this proceeding.

That the trial court finally adjudged in the former action that defendant did not have title (if it did do so, but which is not now determined) does not militate against the effectiveness of that judgment as a judicial estoppel against plaintiffs, since defendant is not seeking in this action any affirmative relief against them based upon any alleged title he possesses. If the above assumption were true and he was seeking such relief in a new action brought by himself against plaintiffs, or by cross-action in his answer in this case based upon the fact that he held the title to the controverted land, he would likewise be estopped by the former judgment, but he is seeking in this action no such affirmative relief. On the contrary, he is only defending plaintiff's cause of action against him based upon their ownership of the land after it was adjudged in the former action that they had no title and were not therefore the owners of the land. If the action was only one to recover damages for trespass to the possession and not involving title, a judgment therein would be a bar to all subsequent actions between the same parties for the same trespasses, and which, conversely stated, is that even subsequent trespass actions must be based upon subsequent trespasses. It is true, plaintiffs allege that the particular trespass complained of in this action was committed after the rendition of the former judgment, but its commission only created an occasion for plaintiffs to again seek relief by filing this action, which, as we have seen, is barred by the former judgment, unless there has been a subsequent change of plaintiffs' status toward the land since the rendition of that

judgment, but which they did not allege either in the petition or their reply.

From whatever viewpoint the cause may be considered it is manifest that the court correctly held the former judgment a bar to this proceeding, and the judgment is accordingly affirmed. Whole court sitting.