## Keith v. Walker.

(Decided November 11, 1927.)

## Appeal from Clay Circuit Court.

1. Pleading.—In equitable action on notes secured by lien on stock for which notes were given, where defendant filed answer and counterclaim alleging that plaintiff falsely and fraudulently represented that stock was worth amount for which it was sold, and it was worth much less, and other facts, issues were completed when plaintiff filed reply traversing all affirmative allegations in answer, although defendant later filed amended answer, which made more specific allegations of previous answer and counterclaim, and recited facts admissible under original answer and counterclaim.

2. Jury.—Under Civil Code of Practice, sec. 12, providing for jury trial in equitable actions, motions for transfer of case to ordinary docket for jury trial must be seasonably made, and failure to make it within reasonable time will be treated as waiver of right to same.

3. Jury—Under Civil Code of Practice, sec. 12, providing that, in equitable action, party may, by motion, have case transferred to ordinary docket for trial of issue concerning which he is entitled to jury trial, question whether there has been unreasonable delay in making motion to transfer is question to be decided by trial court in exercise of sound discretion.

4. Jury.—Under Civil Code of Practice, sec. 12, relating to trial by jury in equitable actions, where defendant delayed motion to have case transferred for jury trial for an unreasonable length of time, and, when he did make it, case had been fully prepared to be tried in equity, court exercised sound discretion in overruling motion.

WILLIAM LEWIS & SON, and JOHN M. QUINN for appellant.

W. W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On September 1, 1923, the appellant, Thomas Keith, executed and delivered to the appellee, J. H. Walker, two notes aggregating the sum of $2,167.50, one of the notes being due September 1, 1924, and one on March 1, 1925. The notes were executed in payment for 102 shares of the capital stock of the Oneida Mercantile Company, and a lien was retained on these shares of stock to secure the payment of the notes. Keith failed to pay the notes when due, and on June 19, 1925, Walker instituted this action in equity in the Clay circuit court.

At the following September term of the court the defendant filed an answer and counterclaim, in the third paragraph of which it was alleged that the plaintiff falsely and fraudulently represented to him that the stock was worth the amount for which it was sold to the defendant, when in fact it was worth much less than that amount; that the plaintiff had been president of the Oneida Mercantile Company, and was in a position to know, and did know, the actual value of the stock; and that he knew at the time he sold it to the defendant it was worth much less than the amount represented by him. It was further alleged that, at the time the notes were executed, it was agreed that the defendant should have an opportunity to investigate and ascertain the value of the stock, and, if he was of the opinion that it was worth less than the amount represented by plaintiff, the defendant should have the privilege of returning the stock and having the notes canceled.

On November 25, 1925, plaintiff filed a reply traversing all affirmative allegations in the answer. Both parties proceeded to take depositions; defendant's depositions being filed on May 6, 1926. On May 12, 1926, defendant filed an amended answer and counterclaim, in which substantially the same allegations were made as were contained in the third paragraph of the answer. In addition to the allegations in the original answer, it was alleged that, while the plaintiff was president of the Oneida Mercantile Company, and with his knowledge, inventories were made of the stock of goods owned by the company and the cost price of many articles marked up in order that the book value of the stock might be increased.

At the September term, 1926, of the court an amended reply was filed traversing the affirmative allegations of the amended answer and counterclaim. On the same day the plaintiff moved for a submission of the case. On the following day the defendant moved to transfer the case to the ordinary docket for a jury trial of the issues of fact, and the court overruled the motion and entered a judgment in favor of the plaintiff for the amount of the notes, and adjudged him a lien on 102 shares of stock of the Oneida Mercantile Company to secure their payment.

The only grounds relied on by appellant for reversal of the judgment are: (1) That the court erred in overruling his motion to transfer the case to the ordinary

docket; and (2) that the court erred in overruling his motion for a continuance.

The issues were completed when the reply was filed on November 25, 1925. The amended answer and counterclaim filed on May 6, 1926, did not change the issues, nor did it introduce a new one. It was what it purported to be, an attempt to make more specific the allegations of the third paragraph of the answer and counterclaim. The allegations relative to making an inventory of the goods owned by the Oneida Mercantile Company at higher value than the actual cost price merely recited facts admissible as evidence under the third paragraph of the original answer and counterclaim, and added nothing thereto. Proof had been taken by both of the parties, and the case was ready for submission. Section 12 of the Code provides that, in an equitable action, either party may, by motion, have the case transferred to the ordinary docket for the trial of any issue concerning which he is entitled to a jury trial, but we have uniformly held that such a motion must be seasonably made, and a failure to make it within a reasonable time will be treated as a waiver of the right to demand a jury trial, and whether or not there has been an unreasonable delay in making the motion to transfer is a question to be decided by the trial court in the exercise of a sound discretion. Chenault v. Eastern Kentucky Timber & Lumber Co., 119 Ky. 170, 83 S. W. 552, 26 Ky. Law Rep. 1078; Blackburn v. Simpson, 144 Ky. 505, 139 S. W. 758; Procter v. Tubb, 166 Ky. 676, 179 S. W. 620; Board v. Dorris, 168 Ky. 197, 181 S. W. 1098.

In this case the appellant delayed making the motion to have the case transferred for an unreasonable length of time, and, when he did make it, the case had been fully prepared to be tried in equity. We are of the opinion that the circuit court exercised a sound discretion in overruling the motion.

Appellant's second ground urged for reversal is based on the theory that, under section 367a-5 of the Code, the case should not have been submitted at the September, 1926, term of the court, since the issues had not been completed 30 days before the commencement of the term. What we have heretofore said effectually disposes of this ground, since we have concluded that the issues were completed when the reply was filed on November 25, 1925.

We have carefully read the evidence, and find that it abundantly supports the finding of the chancellor.

Judgment affirmed.