## City of Owensboro et al. v. Nolan.

(Decided February 9, 1932.)

BEN D. RINGO, JOHN A. DEAN, Jr., CLEMENTS & CLEMENTS and SANDIDGE & SANDIDGE for appellants.

CARY, MILLER & KIRK and GEORGE S. WILSON, Jr., and FINLEY F. GIBSON, JR., for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In 1929, Owensboro, a city of the third class operating under the commission form of government, by and through its board of commissioners, contracted with Thomas Nolan to construct a system of sewers. Neither the validity of the contract nor any of the preliminary steps leading up to it is called in question. The sewer system which Nolan contracted to construct for the city has been fully completed, and by this action, instituted in the Daviess circuit court, he is seeking to recover and enforce payment of the balance due under the contract. We find that the parties are in agreement as to the amount of the balance due. The real controversy is whether Nolan is pursuing the proper remedy, and whether he is entitled to the relief sought, and which has been granted him by judgment of the lower court.

Under the contract it was provided that monthly estimates should be issued as the work progressed, and that 85 per cent of each estimate should be paid within 10 days after the approval of same by the board of commissioners. The remaining 15 per cent of the estimate retained by the city was to be paid 60 days after the final completion and acceptance of the work. The contract also contained the following provisions:

1. "After full completion of the work to the satisfaction of the Board of Commissioners, it reserves the right to refuse the payment of 15 per cent reserved, or any amount due said contractors until it is satisfied that all subcontractors, workmen and employees of said contractor have been fully paid."

2. "No voucher in final payment will be issued until the contractor delivers to the Board of Commissioners a statement in writing, setting out fully the amount, kind and quality of the several materials used and incorporated into the work herein required

344

to be done; said statement to be sworn to by the contractor before a notary public or other officer authorized to administer oaths. It is further alleged that the Board of Commissioners shall have a reasonable time in which to verify the accuracy of such sworn statement before such final payment is made.''

As the work progressed, estimates were made and approved both by the city engineers and by a firm of consulting engineers retained by the city to draw plans and estimates for the work, and to see that it was properly performed. These estimates were accepted, approved, and paid by the city through its duly constituted authorities. The amount paid to the contractor on such estimates aggregates a sum over $800,000.

For the purpose of securing funds for the construction of the sewer system, the city issued and sold bonds to the amount of $1,200,000. These bonds were sold to Caldwell & Co., bankers and brokers of Nashville, Tenn., and the funds derived from the sale of the bonds were deposited with that company which gave bond to indemnify the city against loss with the Southern Surety Company of New York as its surety. After the money was deposited with Caldwell & Co. it appears that this company went into the hands of a receiver and some or all of the funds going to pay for the work as it progressed were provided by or through the surety company.

On August 3, 1931, the board of commissioners of the city approved and ordered the payment of $8,558.26 on an estimate for work done in July, and which had been approved by the city engineer and the consulting engineers. $5,000 of this amount was ordered paid to the First National Bank & Trust Company of Owensboro, on order of the contractor. On September 4, the city paid the $5,000 due the bank, but did not pay $25.50 interest accruing subsequent to the time the estimate was approved and ordered paid. The draft or check for the balance of $3,558.26 was not paid. On August 17, the board of commissioners approved and allowed an estimate for $2,898.52 for work done in August, and this sum was paid to the contractor. This estimate showed the completion of all work on the sewer system under the contract. This estimate also showed the total amount retained by the city to be the sum of $157,875.56, representing 15 per cent of the estimates approved and

allowed as the work progressed. The commissioners approved the estimate as to the sum which had been retained by the city and allowed and ordered same to be paid on the 16th day of October, 1931, subject, however, to any and all sums that might be owing to the city by the contractor and to an order from him to the Highland Park State Bank of Highland Park Mich., for the sum of $35,000 accepted by the city and further subject to any and all claims against the contractor in connection with or growing out of the performance of his contract with the city.

On November 13, 1931, the contractor filed his petition in equity against the city and its mayor, city commissioners, and treasurer, reciting the foregoing and other facts, which it is unnecessary for us to enumerate here, and prayed judgment for the unpaid balance of $3,558.26, the estimate of August 3, 1931, with interest from that date, and also the sum of $25.50 interest accruing on the amount ordered paid to the First National Bank & Trust Company of Owensboro out of that estimate, and for the sum of $157,875.56, the amount which had been retained by the city under the contract and which had been allowed and ordered paid to him on October 16, 1931, with interest from that date, less the sum of $4,590 which plaintiff owes the city of Owensboro, and less the sum of $35,000 which the city should pay direct to the Highland Park State Bank under the order referred to in the petition. He also prayed for a mandatory injunction ordering and directing the defendants to pay the balance due him. Motion of the city to require plaintiff to give bond for costs was sustained, and the bond was given.

By amended petition, plaintiff alleged that he had completed, fulfilled, and performed all the requirements of the contract and had shown such performance by his sworn statement made before a notary public, setting out fully the amount, kind, and quality of the several materials used and incorporated into the work required to be done, and which had actually been done by him, and, as required by the court, he filed with his petition as a part thereof the original plans and specifications referred to and made a part of his contract with the city. He also filed as an exhibit with and as a part of his petition a copy of a letter written and transmitted to the defendants by the consulting engineers, showing the completion and fulfillment of the contract by plaintiff as set

out in the petition. This amended petition sets out a list of persons and firms to whom plaintiff is indebted for work or materials in connection with the performance of his contract, and alleged that he had paid in full all subcontractors, workmen, and employees for work performed, and had paid for all materials except those set out in the petition as amended.

The city interposed a special demurrer to the petition because the city clerk had not been made a party. The demurrer was sustained by the court, and a second amended petition was filed making the city clerk and other officials parties defendant. Defendants entered a general demurrer to the petition as amended and a general demurrer to so much of the petition as sought a mandatory injunction against them; also motion to strike certain parts of the petition as amended.

The city filed answer which contained no denial of the allegations of the petition as to the balance due on the contract, but alleged that the resolution adopted by the board of commissioners on August 17, approving the final estimate and directing payment be made to plaintiff on October 16, provided that such payment be made subject to any and all sums due the city by plaintiff, and also to any and all claims against him growing out of the performance of his contract, including the amount due the Highland Park State Bank. The answer sets out the provisions of the contract hereinbefore quoted and alleges that at the time of the filing of the petition plaintiff had not complied with his contract in that he had not delivered to the board of commissioners a statement in writing setting out the amount, kind, and quality of the several materials used and incorporated in the work; and at the time of the filing of the petition plaintiff had failed to comply with his contract in that he had failed to fully pay all subcontractors, workmen, and employees for material and labor used and performed in the construction of the sewers. The answer also sets out some small items of indebtedness which plaintiff had incurred in connection with the performance of his contract, and which were not mentioned in the petition as amended.

It is further alleged that, by reason of the insolvency of Caldwell & Co. and the refusal of its bondsmen, the Southern Surety Company to pay over to the city the balance of the sewer funds which had been deposited with

Caldwell & Co., the city had no available revenue out of which to pay the balance due on the sewer contract. The answer also controverted the allegations of plaintiff's petition that irreparable injury would result to him by delay in payment of the balance due him.

In support of the allegations of the answer as to the financial condition of the city, the status of its sewer fund and the failure of the contractor to comply with provisions of the contract, defendants filed the affidavit of the mayor of the city, and with that affidavit filed, as exhibits, affidavits of plaintiff purporting to show all unsatisfied claims against him for labor, materials, etc., and also the amount, kind, and quality of materials used in the construction of the sewers.

The court overruled defendants' motion to require plaintiff to paragraph his petition and to strike certain portions of the petition, and also overruled the demurrer to the petition as amended. Motion of plaintiff to strike from the answer allegations as to the inability of the city to pay the balance on the contract because of failure in revenues occasioned by the insolvency of Caldwell & Co. was sustained.

By judgment entered out of term, plaintiff was granted the injunctive relief sought, and it was adjudged that he recover of the city the sums claimed in his petition subject, however, to all sums owing by him to the city and to the City Hospital of Owensboro. It was further provided that, in paying the judgment, the city may pay direct to the Highland Park State Bank and to other creditors of plaintiff the claims shown in the pleadings arising out of his sewer contract, and which would constitute a lien upon the city sewer fund, or a claim against the city, and may take credit for such payment upon plaintiff's judgment. Defendants have appealed.

As grounds for reversal of the judgment, it is first urged that no equitable questions were presented, and that the action was prematurely instituted. It is unnecessary to determine whether this action should have been brought at law rather than in equity, since the prevailing rule in this state is that if a common-law action is brought in equity and is not transferred to the common-law docket upon motion of either party or by the court, it becomes the duty of the court to render judgment according to the rights of the parties. Kineon v. Rich, 100 S. W. 249, 30 Ky. Law Rep. 1107; Ky. Mutual Security Co.

v. Turner et al., 89 Ky. 665, 13 S. W. 104, 11 Ky. Law Rep. 793; Turney v. Newman, 39 S. W. 504, 19 Ky. Law Rep. 231; Civ. Code Prac., sec. 10, subsec. 3. See, also, Keith v. Walker, 221 Ky. 741, 299 S. W. 730, and cases therein cited.

The basis of argument that the action was prematurely brought is that at the time plaintiff had not filed a sworn statement made before a notary public, setting out the amount, kind, and quality of the several materials used and incorporated in the work done by him under his contract with the city.

The city engineer and the firm of consulting engineers retained by the city to inspect the work as it was done, and who had an opportunity to know the character, quality, and amount of material that entered into the work, approved all estimates before they were allowed by the city. The board of commissioners, by resolution of August 17, approved the last estimate and ordered the balance paid without requiring compliance with this provision of the contract. The city thereby waived the provision in question and rendered it unnecessary to determine whether, as a condition precedent to instituting this action, such sworn statement should have been made and presented to the city authorities.

It is insisted that appellee was not entitled to a mandatory injunction, but that his remedy was to first secure a judgment in an action at law, and if this was not satisfied within a reasonable time he would then be entitled by mandamus or a mandatory injunction to compel the city officials to take the necessary steps to satisfy the judgment; and, further, that the court should not presume in advance that these officials will not do their duty when the debt of plaintiff is finally established.

The answer to this argument is that the city authorities had finally established plaintiff's debt by the resolution of August 17, and the court did not presume in advance that these officials would not do their duty, as they had already failed in their duty to satisfy the indebtedness in accordance with the provisions of their own resolution.

It is insisted that the judgment is erroneous in that it awards to appellee a judgment for all of the unpaid balance under the sewer contract when from the record it is made to appear that a large portion of this balance was not due appellee, but was due other persons who

were not made parties, and whose rights had not been determined.

Section 28 of the Civil Code of Practice provides:

"The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

Obviously the court could and did determine the controversy between the parties before it without prejudice to others. This judgment fully protects all parties in interest, and under it the city is full protected against any and all persons having claims against the contractor growing out of the performance of his contract with the city.

It is further insisted that the judgment was prematurely rendered because the court was in vacation and no notice had been given to appellants that the court would be asked to render a money judgment against the city, and, further, that the allegations of the petition which might otherwise have entitled appellee to judgment were controverted by answer and were not sustained by any proof.

Under section 1, chapter 17, Acts of 1930 (section 964b-1, Ky. Stats. Supp. 1930) circuit courts are authorized during vacations to make and enter any order, rule, judgment, or decree in any proceeding at law or in equity upon reasonable notice to the parties except where a trial by jury is called for or ordered by the court. It is manifest that, under the provisions of this act, the court was authorized to enter judgment during vacation upon notice to the parties.

Insistence of appellants' counsel that they had no notice that judgment would be asked for at the time it was rendered is not borne out by the record. They had notice that appellee would enter a motion before the judge of the Daviess circuit court to grant a mandatory injunction in conformity with the prayer of the petition and for such other and further orders as might be necessary and proper. Clearly the court could not grant the injunctive relief until it was determined that the city was indebted to appellee. The notice was sufficient to apprise appellants of the fact that appellee would ask for judgment for the balance due on the contract. They

were present and made no request for continuance or delay that they might further plead or take additional proof.

The answer made no denial as to the amount due and raised no issue upon which proof was required. It follows that the court did not err in entering judgment out of term, and it was not entered before authorized. Civil Code of Practice sec. 366; Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168; Bond v. Dean, 223 Ky. 713, 4 S. W. (2d) 721.

Judgment affirmed.

Whole court sitting.