COVENANT.                **Clarkson vs White.**

ERROR TO THE PENDLETON CIRCUIT.

*Case* 104.          *Pleadings.    Practice.    Onus Probandi.*

*May 3.*        JUDGE BRECK delivered the opinion of the Court.

THIS is an action of covenant, brought by the defendant against the plaintiff in error. Two breaches are assigned in the declaration, one for the failure to pay $1125, and the other for failing to pay the taxes on certain slaves in the covenant named.

In covenant, two breaches are assigned, payment concluding with a verification to the first; demurrer and joinder to second breach; jury sworn to try the issue, verdict and judgment for plaintiff; held that the declaration was good, and though there be some irregularity, yet there is no error to the *prejudice* of defendant below.

The defendant plead payment of the $1125, and concluded his plea with a verification, and demurred to the second breach assigned.

The plaintiff joined in the demurrer, and without any judgment upon it, or replication to the plea, the jury were sworn to try the issue joined, and returned a verdict for the plaintiff for $76 85.

Upon the record, presenting this view of the case, the defendant has brought it before this Court, and insists that the jury were erroneously sworn to try the issue, and that the declaration was defective.

There was certainly some irregularity in the proceedings, but it does not appear to have been of such a character as to operate to the prejudice of the plaintiff in error.

Whether the plea of payment on covenant conclude to the country, or with a verification, the onus still rests upon the defendant.

We are of opinion the declaration was good—both breaches were well assigned. The plea concluded with a verification. The form laid down in *Chitty*, 3 *Vol.* 1001, of a plea of payment in covenant, concludes to *the country.* Whether it concludes the one way or the other, makes no difference as to the defence, *the onus* is still upon the defendant, and the same proof required in either case. The plaintiff, in his declaration, avers that the money is not paid; the defendant, in his plea, alledges payment, and the true issue in effect, which the jury try, is, whether the payment has been made or not. So, whether the plea in this case concludes to the country or

with a verification, seems to be a matter merely of form. If it had concluded to the country, according to the form referred to, there would have been no semblance of error. And as a departure, by the defendant, from the form laid down, could not have embarrassed the case before the jury, and did not, so far as appears, operate to the prejudice of the defendant, we are unwilling, after verdict, and when the objection is first made in this Court, to disturb the judgment on that account.

The judgment is affirmed with damages and costs.

*Trimble* for plaintiff: *Curry and Cates & Lindsey* for defendant.