## Blackburn v. Simpson.

(Decided September 21, 1911.)

Appeal from Pendleton Circuit Court.

Equitable Action—Issue of Fact—Transfer to Ordinary Docket— Delay in Making Motion.—It is not an abuse of discretion for the Chancellor to refuse to transfer an equitable action to the ordinary docket for the trial of an issue of fact, where the party complaining failed to make the motion for almost two years after his answer was filed.

J. J. OSBORNE for appellant.

APPLEGATE & CLARKE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On September 4th, 1906, one Howard Whiteker executed and delivered to appellee. N. N. Simpson, a note for $77.25, payable March 4th, 1907, and at the same time executed, acknowledged and delivered to Simpson

a mortgage on a certain crop of tobacco for the purpose of securing the payment of the note. On October 27th, 1906, Whiteker executed another note to appellee Simpson for the sum of $222.00, payable March 1st, 1908. To secure the payment of this note he mortgaged to Simpson two horses and his interest in another crop of tobacco. The notes not being paid at maturity, Simpson, on August 1st, 1908 brought this action against Whiteker to enforce his mortgage lien and made appellant Blackburn a party, charging as to the latter that he claimed some interest in the mortgaged property. Both defendants were served with process on September 7th, 1908. Neither of them answered at the October term. Upon motion of appellee, who was plaintiff below, the case was then submitted, but no judgment rendered. At the January, 1909, term of the court the submission was set aside, and appellee filed an amended petition alleging that Blackburn, who had purchased the tobacco, had shipped it out of the State and sold it. He also alleged that one of the horses covered by the mortgage was dead, while the other had been removed by Whiteker from the county and his whereabouts were unknown. The case was again submitted and default judgment rendered against both Whiteker and Blackburn for the amount claimed by appellee. During the same term this judgment was, by agreement, set aside, and Blackburn filed an answer admitting that he had bought the mortgaged tobacco of Whiteker and had disposed of it, but alleged that appellee had consented to the sale and had agreed to look to Whiteker for his money. This answer was, by agreement traversed of record. No other pleadings were filed by either party. At the next April term a default judgment was rendered against Whiteker. One of the horses covered by the mortgage was located by Blackburn and sold by the master commissioner, and the proceeds were applied to appellee's claim. Blackburn did not offer any proof, and the case was continued at the next October, 1909, term and again at the January, 1910, term. At the April term, 1910, appellee again moved to submit, and another default judgment was rendered against Blackburn for the amount of appellee's claim, less the proceeds of the horse that had been sold. During the same term Blackburn came into court and asked to have the second default judgment set aside so as to give him an oppor-

tunity to take proof. The judgment was set aside, but Blackburn was directed to pay the costs. The next term of the court was held six months later. Up to that time Blackburn had taken no proof. When appellee moved to submit, Blackburn objected and moved to transfer the case to the ordinary docket for trial. This motion was overruled and judgment rendered against Blackburn. From that judgment this appeal is prosecuted.

Practically the only error assigned is the failure of the trial court to transfer the case to the ordinary docket. In this connection it is argued that the question whether or not appellee consented to the purchase of the tobacco by Blackburn and agreed to look to Whiteker for his money presented simply an issue of fact, and that appellant was, therefore, entitled, as a matter of right, to have this issue tried by a jury. Had appellant made his motion when he filed his answer, or within a reasonable time thereafter, his contention would be sound. From the above statement, however, it will be seen that his motion to transfer was not made until about a year and nine months after his answer was filed, and then after two default judgments had been set aside by consent and one by order of the trial court. Although the burden of proof was upon him, he did not take his proof up until the time the last judgment was rendered. Although a party may be entitled, as a matter of right, to have an issue of fact tried by a jury, he can obtain this right only by motion made within proper time. Whether or not there has been an unreasonable delay in making a motion to transfer is a question to be decided by the trial court in the exercise of a sound discretion. (Chenault v. Eastern Kentucky Timber & Lumber Co., 26 Ky. Law Rep. 1078.) The trial court in this instance did not abuse its discretion. As appellant, because of his unreasonable delay in making his motion was not entitled to have the case transferred, and as the burden of proof was upon him and he had taken no proof although he had ample opportunity to do so, it follows that the judgment against him was proper.

Judgment affirmed.