### Dawson v. Morris, et al.

(Decided February 26, 1915.)

### Appeal from Logan Circuit Court.

Easements—Permissive Use—Findings.—In an action involving the right of a passway through a farm, where the only issue was

whether the use thereof for a long period of years had been claimed and exercised as a right or had been merely permissive, and the Chancellor referred the cause to the Master Commissioner, and he in his report reviewed the evidence and found that the use had been adverse, and this report was approved by the lower court, although there is great contrariety in the evidence, these findings of fact will not be disturbed by this court.

WILBUR F. BROWDER and MILLER, SANDIDGE & MALIN for appellant.

S. R. CREWDSON for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant is the owner of a large tract of about 600 acres of land north of Red River, in Logan County, the same having been a part of the Ewing land and having remained in that family until a few years before the institution of this action.

The four appellees are landowners and residents immediately east of and near appellant's farm, and they have instituted this action to enjoin him from the obstruction of a passway which they claim over his land, which right of passway is based upon the adverse use thereof by them and their predecessors in title and the public generally for more than fifteen years, and for more than forty years.

The passway begins at the extreme eastern end of appellant's farm at or near a corner between him and Orndorff and runs westwardly along or near the southern border of some unenclosed woodland until it reaches the cultivated part of appellant's farm at or near a corner between him and Starks, where the roadway forks, one fork going northwestwardly and reaching the turnpike near appellant's residence and barn, and the other fork going southwestwardly to a watergap or ford in the river, where, in low water, the river may be crossed and a connection made with the turnpike a short distance below on that side of the river.

A great mass of evidence was taken, and, as is usual in such cases, is very conflicting, and in many instances is very unsatisfactory.

The court, however, referred the case to its Master Commissioner to study and digest the evidence, and make a report. The commissioner made a comprehensive and detailed report and found, after a full discus-

sion of the evidence, that appellees, their predecessors in title, and others living east of appellant's farm and the public had adversely used the passway, as at present laid out, for from 25 to 50 years; that for 8 or 9 years the Federal Rural Mail Route had been operated over this passway and had served a large number of people east of appellant's farm.

To this report appellant filed exceptions, all of which were overruled by the court, the report approved and judgment entered, adjudging that appellees had acquired by such adverse use the right to the use of the passway as claimed by them.

The evidence is sharply conflicting and is utterly irreconcilable; there can be no doubt that the passway as claimed has been in use for at least 50 years, but whether that use has been adverse or merely permissible is difficult to determine from the evidence. A number of witnesses testified that all of the persons living east of appellant's farm have consistently and continuously used the passway for at least 50 years, and under a claim of right; that until appellant became the owner of the land, three or four years before the institution of this action, the right to the use of the passway had never been questioned.

On the other hand, there is much evidence showing that while appellant's farm was owned by the Ewings the passway was continuously used by persons living east of it, yet it was at all times a permissive use; and, in addition to that, it is claimed that a few years before this proceeding was begun a part of these plaintiffs and others interested instituted a proceeding in the Logan County Court seeking to condemn a public road or passway through and along practically the same route, and it is claimed by appellant that this conclusively shows that up to that time the use had been permissive. For some reason, which does not clearly appear, the proceeding was abandoned or dismissed, and the papers therein are now lost.

There is, however, nothing to be determined except the question of fact whether the long use of that passway was merely permissive or was so adverse as to ripen into a right. The Master Commissioner, in an intelligent and a carefully prepared report, after going into the evidence with unusual particularity, reports that the use was adverse, and this finding of fact was approved by

the chancellor; and this court will not disturb those findings.

The appellees prosecute a cross-appeal because the lower court permitted appellant to maintain three gates along the passway, but the contention on the cross-appeal does not seem to be insisted upon, and from a study of the map we are convinced that this action of the court was correct.

The judgment is affirmed on both the original and cross-appeals.