## Procter v. Tubb, et al.

(Decided November 11, 1915.)

### Appeal from Warren Circuit Court.

1. Trial—Equitable Action—Legal Issues—Transfer of Cause for Jury Trial.—Where a distinct legal issue is made in an equitable action, either party has the right to have such issue decided by a jury when application therefor is seasonably made, and the verdict cannot be set aside unless flagrantly against the evidence.
2. Trial—Equitable Action—Legal Issues—Transfer of Cause for Jury Trial.—Where defendant's application for a jury trial was not made until several months after his answer was filed and until after, on his motion, the case had been referred to the commissioner to hear evidence and to settle the accounts between him and his adversaries, and an unfavorable report had been filed by the Commissioner, it was an abuse of discretion on the part of the trial court to order a jury trial.
3. Trial—Equitable Action—Distinct Legal Issues—Improper Transfer for Trial by Jury—Findings of Jury—Effect.—Where, in an equitable action, the cause is transferred to the common law docket for trial by a jury of certain distinct legal issues, and the transfer is improperly made because the defendant has waived his right thereto, it is not error on the part of the chancellor to ignore the findings of the jury and determine himself the disputed questions of fact.

B. F. PROCTOR and C. H. MORRIS for appellant.

RODES & WALLACE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, R. W. Stanton, sued defendant, B. F. Procter, to recover the sum of $84.50 for eighty-four and one-half days' work at $1.00 per day, and the sum of $96.66 for 161 bushels of corn at 60 cents per bushel, furnished to the defendant, and for the further sum of 55 cents advanced to the defendant to pay freight. Plaintiff admitted an indebtedness on his part of $58.38 for supplies furnished him by defendant, and asked judgment for $123.27. Defendant Procter filed an answer, cross-petition, and counterclaim, making one J. M. Tubb a party. He denied the allegations of Stanton's petition and set up a contract, dated December 26, 1911, by the terms of which both Stanton and Tubb rented defendant's Forrest farm and agreed to cultivate not less than ten acres in tobacco and not less than two acres in strawberries, and to build a barn on the farm. Defendant alleged that all the work done by Stanton was done under this contract, and he had no agreement with Stanton by which he was to pay him for work done on the Woods farm, another farm owned by defendant. Defendant further set up a note for $100, executed by Stanton and Tubb to him, and endorsed to the American National Bank and secured by mortgage on two mules and a wagon owned by Tubb, and asked that the bank interplead and assert its claim. Defendant also pleaded a partnership between him and Tubb, by which Tubb was to operate defendant's dairy, and asked a settlement of the partnership account. It appeared that the $100 note owned by the bank was subject to a credit of $22.36. The commissioner reported in favor of Stanton, but allowed Procter a credit for $58.38 for supplies furnished Stanton, and of one-half of the balance of the $100 note, amounting to $38.82. The commissioner reported that he was unable from the evidence before him to settle the dairy partnership, but that after charging Tubb with one-half of the balance due on the American National Bank note and the other items, and allowing him certain credits, Tubb was still indebted to Procter. On final hearing, the chancellor gave judgment in favor of Stanton for $83.90. He further adjudged that Procter should recover of Tubb the sum of $112.61. Procter appeals.

The principal issues between Stanton and Procter are: (1) The value of the corn which Stanton furnished Procter; (2) was the rent contract of December 26, 1911, abrogated by the parties? (3) did Procter employ Stan-

ton to work on the Woods farm at $1.00 per day, and, if so, how many days did Stanton work?

It appears that Tubb bought some oats and rented a meadow from R. E. Procter for the price of $150. The contract made by Tubb with Procter recites that the consideration was to be deducted from the rent note executed by R. E. Procter to B. F. Procter. The principal issue between Tubb and Procter is whether or not Tubb was to pay one-half of the $150.

This case was originally brought at common law. The equitable issues were introduced into the case by defendant Procter. By agreement of the parties, the case was transferred to the equitable docket. On May 5, 1913, on motion of defendant and by agreement of the parties, the cause was referred to the Master Commissioner to settle the accounts and claims between Procter, Stanton and Tubb. The evidence was heard during the summer of 1913, and on October 20, 1913, the commissioner filed his report, deciding the issues of fact in favor of Stanton and the issue whether or not Tubb was liable for one-half of the oats purchased and meadow leased from R. E. Procter in favor of Tubb. Thereupon Procter filed exceptions to the commissioner's report. On November 1, 1913, Procter moved the court to transfer the cause to the common law docket for a jury trial on the above issues of fact. This motion was sustained on November 8, 1913. The trial before the jury resulted in a finding in favor of Procter on the issues of fact. In rendering judgment in the case, the chancellor disregarded the findings of the jury. Defendant Procter insists that the chancellor had no right to disregard the findings of the jury unless flagrantly against the evidence. It may be conceded to be the rule where a distinct legal issue is made in an equitable action, either party has the right to have such issue decided by a jury, and the verdict cannot be set aside unless flagrantly against the evidence. Hill v. Phillips' Admr., 87 Ky., 169. However, the right to a jury trial depends on whether or not application therefor is seasonably made. It is generally held that the application must be made when the answer is filed, or within a reasonable time thereafter, and what is a reasonable time is a matter within the sound discretion of the trial court. Fritts v. Kirchdorfer, 136 Ky., 643; Blackburn v. Simpson, 144 Ky., 503; Lewis v. Helton, 144 Ky., 595; Harmon v. Thompson, 119 Ky.,

528. In the present case the issues were completed in the spring. The case was then referred to the Master Commissioner to hear evidence and adjust the accounts of the parties. The evidence was heard and he filed his report on October 20, 1913, deciding the disputed issues in favor of Stanton and Tubb. The code does not contemplate that a party shall have the right to have questions of fact decided by both the commissioner and the jury. Certainly, he cannot take his chances on the action of the commissioner, and, in case of an adverse decision, claim the right to have a jury trial. As defendant's application for a jury trial was not made until several months after his answer was filed, and until after, on his motion, the case had been referred to the commissioner to hear evidence and to settle the accounts between him and his adversaries, and an unfavorable report had been filed by the commissioner, we conclude that it was an abuse of discretion on the part of the trial court to order a jury trial. As the jury trial was ordered when defendant had manifestly waived his right thereto, and was, therefore, erroneously ordered, we conclude that the chancellor did not err in ignoring the findings of the jury and in determining himself the disputed questions of fact. That being true, the only question for us to determine is, whether or not his findings are correct. Of this there can be no doubt, since they accord with the weight of the evidence.

Judgment affirmed.