## Wilson, et al. v. Commonwealth, for Use of, etc.

(Decided June 6, 1924.)

### Appeal from Elliott Circuit Court.

1. Sheriffs and Constables—Petition Against Sheriff and Sureties Held to Sufficiently Allege he had Funds to Pay Claim.—Petition, in action against sheriff and his sureties on claim against county ordered paid from county levy, alleged that "there was in the hands of the said sheriff, D., sufficient funds to pay said claim and he was ordered to do so out of the county levy." Held to allege sufficiently that sheriff had in his hands sufficient funds applicable to payment of claim, though word "applicable" was not used, at least after judgment.

2. Interest—Principal and Interest Held Properly Aggregated and Interest Allowed Thereon.—In action against sheriff and sureties on claim which he was ordered to pay, it was proper to aggregate principal and interest and allow interest thereon from date of judgment in view of Ky. Stats., section 2220.

3. Sheriffs and Constables—Penalty Held Improperly Allowed by Judgment Against Sheriff and Sureties.—There was no authority to allow 10 per cent. penalty in action against sheriff and sureties on claim that sheriff was ordered but failed to pay out of county levy.

THEOBALD & THEOBALD for appellants.

M. M. REDWINE and WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part.

In October, 1917, the fiscal court of Elliott county allowed to Charles Whitt, jailer of the county, a claim for $693.70, and directed appellant D. B. Wilson, sheriff of the county, to pay same out of the county levy for the year.

Whitt transferred the claim to Greene, who transferred it to the Sandy Hook Bank, for whose use and benefit this action was instituted in the name of the Commonwealth against Wilson and his sureties upon his official bond. The defendants having been summoned and failing to answer, a judgment was rendered by default against them for $839.00 with interest from the date of the judgment ''and ten per cent on $693.70 from January 1, 1918, as a penalty,'' and for costs.

For reversal of the judgment it is urged: (1) That the petition does not state a cause of action, (2) that it was error to aggregate the principal and interest and allow interest thereon, and (3) that it was error to allow a penalty of ten per cent, or at all.

1. The single criticism of the petition is that it fails to allege that the sheriff ''had sufficient funds in his hands applicable to the payment of such a claim as the one sued upon to satisfy same.''

It is true the word ''applicable'' is not used, but the petition alleges that ''there was in the hands of the said sheriff, D. B. Wilson, sufficient funds to pay said claim, and he was ordered to do so out of the county levy for the year 1917.''

We think probably this language should be construed to mean, even upon a demurrer, that the sheriff had in his hands sufficient funds available for the purpose to pay the claim, but whether so or not, it certainly should be so construed after judgment.

2. As section 2220 of the statutes expressly provides that ''A judgment may be for the principal and accrued interest'' and ''shall bear legal interest from its date,'' it is obvious the second ground urged for reversal is also without merit. See also Bauer Cooperage Co. v. Ewell & Smith, 149 Ky. 838, 149 S. W. 1137.

3. There is no authority for the penalty allowed by this judgment, as counsel for appellee concede, and that part of the judgment being separable must be reversed.

Wherefore, the judgment is affirmed except as to the penalty adjudged, in which respect it is reversed.