## Denny, Banking Commissioner, v. Becker et al.

(Decided April 25, 1930.)

J. E. ROBINSON for appellant.

G. C. WALKER and E. V. PURYEAR for appellees.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

This action was instituted in the Garrard circuit court by O. S. Denny, Banking Commissioner of Kentucky, and Bank of Bryantsville v. C. C. Becker, N. T.

Grow, Noah Marsee, Jr., Cecil Beaty, W. H. Swope and B. P. Swope, who were officers and directors of the Bank of Bryantsville. It is alleged in the petition that it was ascertained by examination that the Bank of Bryantsville was not in good financial condition; that "too many" of its assets were of no value, and the banking agent was going to recommend to the commissioner that the bank be closed and liquidated unless the defendants would guarantee the payment of certain of the notes due the bank, and by so doing the bank was made solvent at that time and was not closed, and the agent did not recommend that the bank be closed for the reason that the guarantee of the defendants made the bank solvent, and the bank continued to run until November 13, 1925. The bond referred to was made on April 19, 1924, and is as follows:

"In the regular examination of the Bank of Bryantsville, in which a thorough discussion was made on all loans and the following seeming not to have a sufficient security and there being doubt as to the ultimate solvency of the makers the examiners requested a written guarantee from the directors on the following notes."

Here follows a list of the makers of the notes, the amount and date due aggregating $10,590.

"Now, therefore, to give the directors time to work these notes from the bank assets, and at the same time to assure the State Banking Department said notes will be paid, we, the undersigned, guarantee the payment of the aforesaid notes for ever."

This was signed by all the directors. It is further alleged that, at the time the Bank of Bryantsville was closed for liquidation, there was still unpaid of these notes, or their renewals, approximately $5,300, and that all of the makers of the notes were insolvent. It was further alleged that the assets did not produce a sufficient sum to pay the depositors of the bank, and that it was necessary to make an assessment against the stockholders of the bank and collect from them the sum of $8,250, and of which sum $6,490 has never been repaid to the stockholders; that there were no assets of any value in the hands of the commissioner other than this bond out of which to pay the $6,490, which the stockholders had paid on assessments. It further alleged that the stock-

holders who paid the assessments made against them in order to pay the depositors, other than defendants, demanded of the commissioner that he bring suit on the bond to recover, so as to pay back to them their assessment.

The defendants filed general demurrer to the petition, and also filed special demurrer. The case being submitted, the court overruled the special demurrer to which the defendants excepted. The general demurrer of defendants to the petition was sustained and, the plaintiffs declining to plead further, the petition was dismissed. From the judgment dismissing the petition, plaintiffs appeal.

It is earnestly insisted by appellants that the bond above referred to was executed under the provisions of section 165a-16, Kentucky Statutes. That section, in so far as it is pertinent to this case, is as follows:

"If from any examination made as provided in this act, it shall appear that any bank is insolvent or that its capital has become impaired, and is permitted to remain impaired beyond the period allowed by law, it shall be the duty of the banking commissioner in person or by his deputy or by a state bank examiner immediately to take charge of such bank and all property and effects thereof.

"If an examiner shall find that any bank is pursuing a dangerous and unsafe policy, the examiner shall call the directors and officers of such institution together and advise them fully of the nature of such objectionable practices, and warn them against a repetition thereof, and shall make a full report to the banking commissioner of the practices warned against, and the advice given by him and thereupon the banking commissioner, if he deem it proper, shall, in person or by written notice to each director, require an abandonment or cessation of such objectionable practices or policy, and if his directions are not complied with, he may place a state bank examiner in charge of such bank, or he may adopt such other policy as may in his judgment seem wise and best calculated to bring the institution back to a safe condition. The officers, directors, or stockholders of any bank shall have the right forthwith, upon his declaring his intention of doing so, to execute to such commissioner a bond with surety or

security approved by him, conditioned to secure the creditors of such bank, and upon the execution of such bond the banking commissioner shall leave with, or restore the custody and management of such bank to the officers and directors thereof.''

It will be observed that the bond to be executed under this section is conditioned to secure the creditors of such bank.

In the instant case, the record discloses that the creditors have all been paid in full. It is true that the stockholders, which included appellees, supplied, by reason of an assessment on their stock, the sum of $6,490, which has not been repaid. The stockholders in a bank share a common cause, and the banking commissioner has the authority to make the assessment which he did make in order to pay the creditors. We are of the opinion that the trial court correctly ruled in sustaining the demurrer to the petition, and this judgment is affirmed.