## Combs et al. v. Jameson.

(Decided December 19, 1930.)

734

S. W. WARD for appellants.

W. A. STANFILL and CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Wm. K. Jameson sued James Combs, his wife, Belle Combs, W. G. Begley, Roderick Combs, L. F. Brashear, trustee, and the Draughn-Steele Motor Company. to recover a balance due upon a promissory note for $2,000, executed by Combs and wife and Begley, and to enforce a lien on land by virtue of a mortgage given to secure the debt.

The Draughn-Steele Motor Company had acquired a portion of the land and assumed a part of the debt, but the deed, at its instance, had been made to the trustee.

Roderick Combs was made a party because of some adverse claim he was making to the land.

James Combs and wife interposed the defense that the Draughn-Steele Motor Company and L. F. Brashear, trustee, agreed to assume and pay the debt due Jameson, and that Jameson had agreed to look alone to that source for his money and to release his rights against Combs and wife, as well as Begley, the original makers of the note. Issue was made upon the defense, proof was taken, and the circuit court held in favor of Jameson. Combs and wife alone appeal from the judgment.

It is first insisted that the acceptance by Jameson of an order on the motor company, which it agreed to pay, constituted a novation, and released the original obligors from the debt.

A novation may be effected by the substitution of a new debtor in place of the old one with the intent to

release the latter, 46 C. J. p. 606, sec. 60; Russell v. Centers, 153 Ky. 469, 155 S. W. 1149; Kushner v. Knopf, 227 Ky. 369, 13 S. W. (2d) 271. The purpose to release the old debtor may be inferred from the circumstances attending the transaction, and the subsequent conduct of the parties thereto. But the mere giving and acceptance of an order on a third person will not operate to release the primary debtor, in the absence of an agreement or intention that it should have that effect. 46 C. J. p. 591, sec. 32.

Counsel for appellants recognized the true rule, and in the answer set forth an express agreement that the parties would treat the transaction as a novation. The case depends, therefore, upon the the evidence adduced in support of the defense. Combs testified, in answer to a question concerning the understanding with Jameson, that, after the transaction was completed, Jameson asked him if he wanted to be released, and Combs told him there were other debts against his property, and he did not desire a release at that time. He did not say that any agreement to release him from the debt was ever made. On the other hand, Jameson testified that the subject of releasing the appellants was not discussed, and that he took the order simply and solely as additional security, hoping it might hasten the collection of his debt. He said that Combs subsequently solicited him to release the primary debtors and he declined to do it. In addition, Jameson introduced a witness who testified that Combs had told him that he was not discharged from the debt. The circumstances are consistent with the contention of the appellee. The mortgage was not released on the record; the original note was retained by Jameson; the order was filed with the Draughn-Steele Motor Company; and Combs paid some additional or excess interest on the note that the order did not carry. It is apparent, therefore, that the circuit court did not err in the conclusion that no novation was accomplished by the transaction in question.

It is further argued that the laches of Jameson in delaying action against the acceptors of the order operated to release the appellants. That defense was not pleaded and is not to be presented for the first time in this court. Moreover, the delay was consented to by Combs, and he was not in position to avail himself of any such defense.

It follows that the action of the circuit court was correct, and afforded appellants no just grounds for complaint.

The judgment is affirmed.