## Williams et al. v. Denny, Banking Commissioner et al.

(Decided May 5, 1931.)

H. C. CLAY and J. B. WALL for appellants.

E. H. JOHNSON and R. L. POPE for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

B. M. Williams, W. C. Turner, and B. F. Kelly, with five others, executed a written guaranty reading:

> "We, the undersigned, do hereby jointly and severally guarantee to the Black Mountain Bank, Evarts, Kentucky, all notes of the Harlan Co-operative Coal Company payable to the Black Mountain Bank, amounting to $19,500; if same is not paid by said company we agree to pay any balance after due effort to collect same."

The Black Mountain Bank subsequently changed its name and became the Evarts State Bank. Within a year from the execution of the guaranty, the bank became insolvent and was placed in the hands of the banking commissioner for liquidation. Action was instituted on the guaranty to recover a balance due upon the various notes of the Harlan Co-operative Coal Company. A judgment was rendered in favor of the banking commissioner for $5,241.65, with interest from February 20, 1930. Williams, Turner, and Kelly have prosecuted an appeal from the judgment.

It is insisted that the motion for a trial by jury upon the issue of payment should have been sustained, that the exceptions to the commissioner's report should have been upheld, and that the petition was fatally defective on demurrer.

The motion for a jury trial on the issue of payment should have been made when the answer was filed, or when the issue was made thereon, or within a reasonable time. It was not made in fact until February 20, 1930, on the very day the final judgment was rendered. The case had been prepared, the proof had been taken by depositions, the master commissioner had made his report, exceptions had been filed thereto, submitted to and considered by the trial judge, and he was ready to pronounce judgment. Indeed, the judgment was entered immediately following the order overruling the motion for a jury trial. Under such circumstances the trial court did not abuse its discretion in denying the motion. Patton v. Catlettsburg National Bank, 200 Ky. 775, 255 S. W. 690; Proctor v. Tubb, 166 Ky. 678, 179 S. W. 620; Blackburn v. Simpson, 144 Ky. 503, 139 S. W. 758; Lewis v. Helton, 144 Ky. 595, 139 S. W. 772; Kochenrath v. Christman, 180 Ky. 799, 203 S. W. 738.

Although the action was commenced as an ordinary one, it was treated throughout as an equity case, and in such situation no harm is done either party by so treating it on appeal. Northup v. Sumner, 132 Ky. 156, 116 S. W. 699; Cornett v. Burchfield, 142 Ky. 357, 134 S. W. 466; Rosa v. Nava, 235 Ky. 574, 31 S. W. (2d) 910.

A demurrer to the petition was overruled, and the answer, as finally formulated, interposed a plea of payment. The defendants admitted the execution of the guaranty, but asserted payment of an amount in excess thereof. It was further alleged that note No. 167 for

$5,750 had been paid on October 24, 1924, by defendants W. C. Turner, B. F. Kelly and H. B. Turner; that note No. 156 for $6,250 had been paid by the same parties on the same date; that note No. 170 for $1,400 had been paid by the same parties at the same time, and that another note for $6,250 included in the guaranty, signed by L. S. Wood, had been paid by them on the 15th of October, 1924; that note No. 168 for $1,100 had been paid by the same parties at the time, and that they had paid altogether on the guaranty the sum of $20,750. There was no specific reference in the answer to note No. 169 for $5,000. The allegations of the petition respecting that note were that the Harlan Co-operative Coal Company had executed one promissory note No. 169 for $5,000 which became due and payable on July 5, 1923. The original answer admitted that the guaranty executed by them covered the five notes set out in plaintiff's petition, but the amended answer made no reference to the $5,000 note, merely alleging payment of the $6,250 note executed by L. S. Wood, and secured by stock of the Harlan Co-operative Coal Company. But the answer, as amended, alleged generally that the entire guaranty had been satisfied. The reply denied that the $6,250 note of L. S. Wood, secured by one hundred and twenty shares of stock, had been paid by defendants, in the manner alleged, or at all. It was alleged that the defendants had paid one note No. 166 for $6,250, executed by the Harlan Co-operative Coal Company, but that the other note of Wood for like sum was pledged thereon as collateral security. It was admitted by plaintiff that defendants had paid $15,100 on the guaranty. The defendants testified that they had paid the $15,100 admitted, and, in addition, that they were given credit on one of the notes for a payment of $2,500 made by George Ellis, and that they had paid the entire balance due, including interest. There was an agreed order traversing all affirmative allegations of the pleadings on both sides.

It will be observed that the burden of proof was upon the defendants, since they admitted execution of the guaranty and relied upon a payment thereof. When the execution of the obligation is admitted, and payment thereof pleaded, the burden of proof is on the defendant. Civil Code of Practice, sec. 526; Clarkson v. White, 3 B. Mon. 376; Chester v. Day (Ky.) 127 S. W. 794; Fornash v. Antrobus, 178 Ky. 621, 199 S. W. 781; Whiteker v. Holcomb, 177 Ky. 793, 198 S. W. 533.

The case was referred to the master commissioner who reported in favor of plaintiff. Exceptions to the report were overruled, and it was confirmed by the court, resulting in a judgment in accordance with the recommendation of the commissioner.

The question presented was one of fact. The evidence was in direct and irreconcilable conflict. The commissioner found for the plaintiff, and his finding was confirmed by the circuit court. There was evidence to justify the finding. In such circumstances this court will not disturb the result reached by the commissioner and the court in the absence of a clear conviction that an error has been committed. Goff v. Blackburn, 221 Ky. 550, 299 S. W. 164; Wilson v. Ward, 151 Ky. 233, 151 S. W. 353; Chiles v. Robinson, 224 Ky. 71, 5 S. W. (2d) 269; Dawson v. Morris, 163 Ky. 220, 173 S. W. 348. In this case we are unable to say that the result was not right.

It is argued that the judgment should not be allowed to stand because the $5,000 note was not produced. The defendants were not bound because of anything contained in that note. It appeared in the records of the bank as a liability of the Harlan Co-operative Coal Company, and was included in the guaranty. The special bank examiner listed it as one of the notes calling for security, and because of which the guaranty was demanded.

This is not a suit upon a lost note, but upon the guaranty. No danger of another liability being imposed upon the guarantors can arise, since they are not parties to the note or liable upon it, except by reason of the guaranty to the bank. The failure to produce the note, under the circumstances of this case, was not prejudicial to the rights of the appellants.

It is complained that defendants were denied credit for $2,500 once credited on the guaranty at the instance of George Ellis. Ellis was an indorser on note No. 167 for $5,750, which was embraced by the contract of guaranty. In October, 1924, he executed to the bank a note and mortgage for $2,500, pledged some stock thereon as collateral, and was given full credit on the $5,750 note. Later the bank enforced the mortgage and sold the stock, but the amount realized was much less than $2,500. The credit of $2,500 was canceled, and a new credit given for the amount realized on the sale.

It is now argued that, when the credit was made in 1924, the obligation of the guarantors was discharged pro tanto, and was not revived by the failure of the bank to collect the note of Ellis. But since Ellis was originally obligated on the note which was credited, his mortgage and stock were merely additional security thereon. It was not a payment or a novation. Combs v. Jameson, 236 Ky. 733, 33 S. W. (2d) 686. The appellants were entitled to no more than the application of the proceeds of the additional security to the payment of their obli- gation.

It is argued that it was error to include interest in the judgment. It will be recalled that the contract cov- ered notes of the Harlan Co-operative Coal Company up to $19,500. The notes drew interest, and the guaranty of the notes necessarily included the interest accruing thereon. 28 C. J. sec. 116, p. 966; West v. Williams & Sons, 202 Ky. 382, 259 S. W. 1015.

The court calculated the interest on the balance due on the guaranty to the date of the judgment, and ren- dered judgment for the amount then due, including accrued interest. The statute provides that a judgment may be for the principal and accrued interest; but, if rendered for accruing interest, it bears interest only according to its terms. Section 2220, Ky. Stats.

The judgment appears to conform to the terms of the statute. Wilson v. Commonwealth, 203 Ky. 616, 262 S. W. 965; Gay v. American Trading Co., 185 Ky. 305, 215 S. W. 73; Bauer Cooperage Co. v. Ewell & Smith, 149 Ky. 838, 149 S. W. 1137.

There remains for consideration the sufficiency of the petition to which a demurrer was overruled. The action is based upon a written guaranty, and the allega- tions of the petition show that it was executed to comply with the demand of the state banking commissioner, under the authority of section 165a-16, Ky. Statutes. It was a similar obligation to the one considered in the case of Denny, Banking Commissioner v. Becker, 234 Ky. 61, 27 S. W. (2d) 409, and was executed under like circum- stances. An action upon such an obligation may be main- tained by the banking commissioner. American Southern National Bank v. Smith, Banking Com., 170 Ky. 512, 186 S. W. 482, Ann. Cas. 1918B, 959; Denny, Banking Com., v. Fishter, 238 Ky. 127, 36 S. W. (2d) 864, decided March 20, 1931. But even so, the right of action exists

solely for the benefit of the creditors of the bank, and for no one else. Ky. Stats., sec. 165a-16. Denny, Banking Com., v. Becker, supra.

There is no allegation in the petition that any creditors of the bank now remain unpaid. It is urged that a cause of action is not asserted upon the writing, in the absence of an allegation that creditors entitled to the money to be recovered are still unsatisfied, and a statement of the amount necessary to satisfy them. The contention is sound. The guaranty, by express provision of the statute, is merely a security to the creditors of the bank. In order to enforce the security, it must be shown that some of the class of persons for whose benefit it was given are to be benefitted, and the extent a recovery on the guaranty may be necessary to satisfy or secure them. The prayer of the petition does not supply either of these essential averments. It merely prays judgment for a fixed amount ''for the use and benefit of all the depositors and creditors'' of the bank. The law likewise limited any recovery. The point was not waived, or the error cured, by subsequent proceedings.

It is a fundamental rule of pleading that all the facts necessary to show a right of action in the plaintiff must be stated. 49 C. J. sec. 144, p. 140; Newman, Pleading & Practice (3d Ed.) sec. 241 p. 334. Rhorer v. Middlesboro Town & Lands Co., 103 Ky. 146, 44 S. W. 448, 19 Ky. Law Rep. 1788; Bouton v. Van Buren, 229 N. Y. 17, 127 N. E. 477; Cf. Sansom v. Ayer & Lord Tie Co., 144 Ky. 555, 139 S. W. 778.

In the case of Denny, Banking Com., v. Becker, supra, it affirmatively appeared in the petition that the creditors had been paid in full and the cause of action was extinguished. Hence a dismissal of the petition was affirmed. Here the petition is silent upon the subject of the existence and the extent of unpaid debts, but in order to state a cause of action it must aver facts that authorize the suit to be maintained and that constitute a cause of action on the guaranty. If such facts exist, the petition may be amended. If such facts do not exist, the action should be dismissed. The further action of the court below will have to be governed by the facts that may be shown.

The judgment is reversed for proceedings not inconsistent with this opinion.