## Meyer v. Meyer.

(Decided May 20, 1938.)

ROPKE & BALLANTINE for appellant.

JOHN M. SCOTT and GARLAND R. HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The plaintiff below (here appellee), Herman Meyer, filed suit in the Jefferson circuit court, chancery branch, second division, regularly presided over by the Hon. James Garnett, against his sister, Mary Meyer (here appellant), for an accounting of partnership funds, which had been paid to and received by her, under the terms of their partnership agreement, for her control and management.

The cause was referred to the commissioner of the court, with directions to hear proof and audit their partnership account, and to such end he would ascertain and report the terms and duration of the partnership; what sums were received by the defendant in pursuance of said agreement and dates thereof, (a) from the plaintiff, and (b) from the defendant; audit the account of the defendant, showing her disbursement of moneys so received; ascertain and report the cash, securities and other assets on hand at the termination of the partnership agreement and their value; whether or not the plaintiff had ever demanded an accounting of the defendant; and what amount was found, upon such

accounting, to be due the plaintiff or the defendant, in moneys, securities, or other property and the value thereof.

The appellant denied that she had any money, bonds, or property in her hands to which the plaintiff (appellee) was entitled.

Preliminary to this directed hearing before the commissioner, it was stipulated by the parties that the duration of their partnership agreement extended from the year 1914 to August 1, 1934, and that the only item in controversy as to it was whether or not, under the terms of their agreement, "the plaintiff was to turn over to the defendant all of his income or just his salary."

The commissioner, upon hearing the testimony of the parties, which was in the main flatly contradictory upon the controversial items specified, filed report of his findings thereon as follows:

That the parties, plaintiff and defendant and also brother and sister, entered into a partnership agreement in the year 1914, under which they proposed to purchase the family residence, located on Breckinridge street, Louisville, Ky., which upon the death of their father in 1905 intestate had descended to his seven surviving children, each having a one-seventh share therein; that title to the property so purchased was to be held by plaintiff and defendant in the proportions of three-sevenths to plaintiff and four-sevenths to defendant, the latter having been deeded by another brother his one-seventh interest; that such partnership arrangement between them had continued from the time of making their agreement in 1914 until August 1, 1934, when it was terminated by their mutual consent; that in June, 1936, the parties having become involved in disagreement as to their respective rights in the partnership property, the same was by the court ordered sold for partition, when it was bought by the defendant for $7,500, credit being allowed her on its purchase price for her four-sevenths interest therein.

That the parties had, in making such partnership agreement in 1914, when the plaintiff was then the owner of a one-seventh interest in the property, by reason of having acquired the interest of a co-heir to the property, as stated above, in order to carry out their inten-

tion to jointly purchase the remaining four-sevenths interest then held by their four coheirs to the property, borrowed the sum of $3,200 required for its purchase, the payment of which was secured by a mortgage on the property so purchased by them.

That the further terms of the partnership agreement were that the plaintiff and defendant should both live on the property, the defendant to rent out portions thereof, including tenant houses in the rear, and that plaintiff was to turn over to defendant his salary (as against defendant's contention that he was to turn over to her not only it, but all of his income, from whatever sources received), and that in return therefor the defendant was to act as a general housekeeper, provide him with meals and lodging, and pay "all incidental expenses connected therewith, including insurance, taxes and other expenses" and that "the surplus over and above said necessary expenses was either to be invested or divided equally between them."

That in March, 1925, the defendant, entrusted with the management and control of the partnership assets, had the front of the property remodeled and repaired. at a cost of some $2,700, which she paid for out of plaintiff's and defendant's joint account, then accumulated out of rents collected. As to this item, the commissioner found that as the defendant received four-sevenths of the value of the improvement thus made, when the property was sold, the plaintiff was entitled to a refund of one-half of the other one-seventh part of its costs or $192.85; that is, that the defendant should be charged with four-sevenths of the cost of the improvement.

That from August 1, 1934, at which time the partnership agreement was terminated, to June 1, 1935, the defendant collected rentals of $483, of which she disbursed $445.65, leaving a net rental balance of $37.35, three-sevenths of which the plaintiff was entitled to receive, or $16.05, such amount representing his proportional three-sevenths interest in the property after termination of the partnership agreement; also, that on August 1, 1934, defendant had in their joint account in the bank $347.97 and $300 in bonds, or a total of $647.97, plaintiff's share thereof being one-half

Upon the basis of such itemized findings the commissioner, by way of summarizing them, reported that

he was of the opinion and recommended that the defendant was indebted and should account to the plaintiff for the following sums, to wit:

Plaintiff's part of joint account on hand August 1, 1934 ............................ $173.98

Plaintiff's part of bonds ..................... 150.00

Plaintiff's overpayment of his part of original mortgage ............................ 228.57

Plaintiff's overpayment of improvements ..... 192.85

Amount due from rents after August 1, 1934 to June 1, 1935 ........................ 54.60

Total amount due plaintiff ................. $800.10

To this report and each of the several items therein, defendant filed exceptions and also an amended answer and counterclaim (by way of conforming her pleadings to the proof), wherein, after denying certain allegations of the petition, by a second paragraph she further answered and counterclaimed that "at the time the plaintiff and defendant purchased the 4/7 interest in the property involved, they placed on the property a mortgage, which, with the finance charge, totaled $3,200, and that said sum was paid from the proceeds of the rental of said property which belonged 4/7 to the defendant and 3/7 to the plaintiff, and that therefor the plaintiff is indebted to the defendant for 1/14 of $3,200.00 or $228.57."

Upon a hearing of the action on plaintiff's objection to the filing of defendant's answer and counterclaim, the court overruled same, ordering it filed and that its affirmative matter be controverted of record.

The action coming on to be heard further on plaintiff's motion for a judgment the same was ordered submitted, and having also been submitted on defendant's exceptions to the commissioner's report, the exceptions were overruled. The court then adjudged that (the cause of action being heard on plaintiff's motion for a judgment, in accordance with the findings and recommendations of the commissioner) the commissioner's report be in all respects approved and confirmed and that the plaintiff, Herman Meyer, recover of the defendant, Mary Meyer, as thereby recommended, the sum of $800.10, with interest from March 6, 1937, together with his costs expended.

The appellant has appealed, complaining of the judgment confirming the report of the commissioner and directing that judgment be given for the plaintiff in accordance with the commissioner's recommendations. However, the defendant principally assails the judgment in respect to that of its provisions requiring appellant to pay a four-sevenths rather than only a one-half part of the mortgage debt of $3,200, improperly so ruled, appellant insists, on the erroneous ground that as the appellant owned a four-sevenths interest in the property she should be called upon to pay a four-sevenths part of the debt incurred by her and the plaintiff, even though same was incurred by them in purchasing equal parts of the outstanding interest therein.

The evidence heard by the commissioner on this point was not conflicting, but by the testimony of each of the parties it was shown that they had, in harmony with the terms of their partnership agreement, undertaken to acquire the whole property inherited by them and their five brothers and sisters surviving the death of their father intestate in 1905, by purchasing from four of these heirs their respective one-seventh interest in the property; that this four-sevenths interest in the property so purchased was to be held and owned equally by them; or, that is to say, each acquired a two-seventh interest in the property in addition to the interest they then owned.

The evidence being in harmony, or in no wise conflicting, as to such being the facts as to the purchase by the plaintiff and defendant of such four-sevenths interest in the property (that one-half or two-sevenths thereof went to the appellant and the other two-sevenths to the appellee), it would follow that the same should be paid for upon the same terms as upon which bought or that each should pay a like sum for the interest jointly purchased.

In support of appellant's contention that such was the proportional obligation of each partner for the like two-sevenths share of the four-sevenths interest in the property jointly purchased by them, she argues that, if the amount had been paid in cash by them, "each party would have had to put up one-half of the sum, and the fact that it was paid back over a period of years does not change this proportionate distribution." However, she argues that the shares of plain-

tiff and defendant in the rent received from the property were in the same proportion as were their respective interests in the property from which it was derived and, therefore, appellant insists that in paying the debt out of the rents, four-sevenths of which belonged to her, it resulted in her paying not one-half but a four-seventh part of the mortgage debt incurred by them in purchasing the four-seventh interest from the other heirs and that instead of requiring her, as did the commissioner, to pay over to the appellee such extra one-half of a one-seventh part, he should have required plaintiff to pay over to defendant such one-half of one-seventh part of it.

However, while a four-sevenths and a three-sevenths part represented the respective shares of the defendant and plaintiff in the property, it is the finding of the commissioner, confirmed by the chancellor, that their partnership agreement contemplated that such surplus as remained of the fund saved by the defendant, out of the salary contributed by the plaintiff and the rents collected from the lessees of the jointly owned property, after the payment of household expenses, including insurance, taxes and incidental expenses, was to be either invested or equally divided between them. From this it follows that in paying out of the sum the $3,200 mortgage debt it was either so invested or divided equally between them, as provided by their agreement.

Such being our view, that the parties, when buying an equal two-sevenths part of the property involved, became liable for the payment of an equal part of the $3,200 obligation assumed, and in view of the further fact that the rent collected and held by the appellant from the lessees of this property was under the agreement, as found by the commissioner, to be equally divided between them, it follows that the commissioner's finding, confirmed by the chancellor, that the appellant, in paying this joint mortgage debt out of the surplus rents held by her, made an improper application of the plaintiff's share of such rents in payment of the mortgage upon the property purchased, in which the appellant at the time owned not a one-half but a four-sevenths interest, as against plaintiff's interest therein, and requiring her, upon such ground, to account to the plaintiff for one-half of the extra one-seventh part of the debt in the amount of $228.57, was erroneous.

By reason of the judgment of the chancellor, to such extent, not being in accord with our views, in thus awarding to the plaintiff recovery against defendant of this $228.57 paid out of the rents upon this jointly assumed mortgage, we conclude that the decree of the chancellor, in confirming the commissioner's report, should to such extent be reversed and the judgment accordingly so modified as to strike or deduct the amount of such awarded item of recovery of $228.57 from the amount adjudged of $800.10 and in lieu of the judgment in such amount to enter one awarding recovery to the plaintiff in the lesser amount of $571.53, together with costs.

The other findings of fact by the commissioner and his recommendations (based on the conflicting testimony of the parties to the suit) were duly confirmed by the court. Therefore, the question of the propriety of such findings being merely one of fact, resting upon conflicting evidence, among which was evidence sufficient to justify the commissioner's findings, under such circumstances, in recognition of the well-established rule applicable in such case, we do not feel authorized to disturb the result reached by the commissioner in the absence of a clear conviction that an error has been committed. See Williams et al. v. Denny, Banking Commissioner, 238 Ky. 662, 38 S. W. (2d) 668, and the numerous cases therein cited.

In this case, as was there said, we are unable to say that the result here reached was not correct, except as to the one item of $228.57, above discussed and held to have been improperly allowed.

It is, therefore, our conclusion that the learned chancellor's decree, to the extent it erroneously provides for the allowance of recovery to the plaintiff of this amount of $228.57, should be and it is reversed, with directions to enter a judgment so modified as to be in harmony with this opinion.